Argued 15 March, decided 16 May, 1904.

## KELSAY *v.* EATON.

[76 Pac. 770.]

DEVISABILITY OF TIMBER CULTURE CLAIMS — STATUTES.*

An entryman under the timber culture act of the United States has no devisable interest in the entered land until the issuance of the final certificate. If he dies in the mean time, his heirs, upon certain conditions, may obtain the land, but they will take as donees of the government by purchase, and not through the original settler by descent. There is a difference in this respect between the homestead and timber culture acts: *Church* v. *Adams*, 37 Or. 355, distingaished.

- From Sherman: W. L. BRADSHAW, Judge.

This is a suit by B. S. Kelsay against Alexander Eaton and others to quiet the title to real property. The facts are that, under the provisions of the timber culture act of the United States, one J. H. Eaton entered 80 acres of land in Sherman County; that, before making final proof, he died unmarried, and without issue, having devised all his

---

*NOTE.—See *Wilcox* v. *John*, 52 Am. St. Rep. 246, 249, for note, Encumbrances by Preëmptors and Other Claimants of Public Lands.—REPORTER.

real and personal property to plaintiff, who was named as his executor; that the will was admitted to probate in that county, and letters testamentary were issued to plaintiff, who, having duly qualified, made such proof as testamentary heir; that the patent for the land was issued to the heirs of the testator; and that the defendant Alexander Eaton, the father of the deceased and his statutory heir, executed a deed of an undivided one half thereof to the defendant George W. Kinsey, who accepted it with record notice of plaintiff's claim to the real property. The cause, being at issue, was tried, resulting in a decree as prayed for in the complaint, and the defendants appeal.

REVERSED.

For appellant there was an oral argument by *Mr. A. C. Woodcock*, with a brief over the names of *Moore & Gavin* and *Mr. Woodcock*, to this effect.

I. The entryman could not have alienated the land until he had received his final certificate: 19 Am. & Eng. Enc. Law, (1 ed.) 332.

II. The interest of the entryman was not devisable, not being completely acquired, and his heir took as a donee from the United States, not by inheritance: 20 Stat. U. S. 113, c. 190; *Hall* v. *Russell*, 101 U. S. 503; *Cooper* v. *Wilder*, 111 Cal. 191 (52 Am. St. Rep. 163, 43 Pac. 591).

III. The courts have jurisdiction to review the acts of the interior department on all legal questions: *Marquis* v. *Fisher*, 101 U. S. 473; *Quinley* v. *Conlon*, 104 U. S. 120; *Rector* v. *Gibbons*, 111 U. S. 276; *United States* v. *Murphy*, 32 Fed. 376; *United States* v. *Mann*, 32 Fed. 386; *Hosmer* v. *Wallace*, 47 Cal. 461.

For respondent there was an oral argument and a brief by *Mr. J. B. Hosford*, to this effect.

(1) A timber culture entry is subject to devise by law: *Bone* v. *Dickerson's Heirs*, 8 Land Dec. Dep. Int. 452; *Stark-*

*weather* v. *Starkweather*, 15 Land Dec. Dep. Int. 162 ; *Moore* v. *Phelps*, 16 Land Dec. Dep. Int. 151 ; *United States* v. *Dayton*, 26 Land Dec. Dep. Int. 690 ; *Cooper* v. *Wilder* (1st decision), 41 Pac. 26.

(2) Legal representatives under the acts of Congress relative to the disposition of public lands embrace representatives by contract as well as by operation of law: *Hogan* v. *Page*, 69 U. S. (2 Wall.) 605 ; *Morrison* v. *Jackson*, 92 U. S. 654 ; *Weeks* v. *Milwaukee, L. S. & W. Ry. Co.* 78 Wis. 501 (47 N. W. 737).

(3) The construction placed upon an act of Congress by the officers charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons : *Hastings & D. R. Co.* v. *Whitney*, 132 U. S. 357 (10 Sup. Ct. 112); *Brown* v. *United States,* 113 U. S. 568 (5 Sup. Ct. 648); *Wilcox* v. *John*, 21 Colo. 367 (52 Am. St. Rep. 246, 40 Pac. 880).

(4) The rights of an entryman under the United States land laws are analogous to those of one in possession under a contract of purchase; and, except where the law otherwise directs the disposition of the right in case of the death of the entryman, the right passes to the devisee under a will: *Cardner* v. *Chicago, St. P. M. & O. Ry. Co.* 43 Minn. 375 (45 N. W. 713); *Red River & L. R. Co.* v. *Sture*, 32 Minn. 95 (20 N. W. 229); *Hastings & D. R. Co.* v. *Whitney*, 132 U. S. 357 (10 Sup. Ct. 112); *United States* v. *Ball*, 31 Fed. 667 ; *United States* v. *Turner*, 54 Fed. 628 ; 1 Pomeroy, Eq. Jur. (2 ed.) § 105.

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

The question presented by this appeal is whether an entryman under the timber culture act of the United States, before receiving a final certificate, has a devisable interest in the land. The amendatory act of Congress approved

June 14, 1878 (20 Stat. U. S. 113, c. 190), prescribing the
method of securing the title to public land under the tim-
ber culture act, so far as deemed material herein, is as fol-
lows:

"Section 1. That any person who * * has arrrived at
the age of twenty-one years, and is a citizen of the United
States * * who shall plant, protect, and keep in a healthy,
growing condition for eight years ten acres of timber, on
any quarter-section of any of the public lands of the United
States, or five acres on any legal subdivision of eighty
acres, * * shall be entitled to a patent for the whole of
* * such legal subdivision * * at the expiration of said
eight years, on making proof of such fact by not less than
two credible witnesses, and a full compliance of the further
conditions as provided in section 2. * * "

"Sec. 2. That the person applying for the benefits of
this act shall, upon application to the register of the land
district in which he or she is about to make such entry,
make an affidavit, before the register or the receiver
* * . And upon filing said affidavit with said register and
said receiver and on payment of $10, if the tract applied
for is more than eighty acres; and $5.00 if it is eighty
acres or less, he or she shall thereupon be permitted to
enter the quantity of land specified. * * That no final
certificate shall be given, or patent issued, for the land so
entered until the expiration of eight years from the date
of such entry; and, if, at the expiration of such time, or
at any time within five years thereafter, the person mak-
ing such entry, or, if he or she be dead, his or her heirs
or legal representatives, shall prove by two credible wit-
nesses that he or she or they have planted, and for not
less than eight years, have cultivated and protected, such
quantity and character of trees as aforesaid; that not less
than twenty-seven hundred trees were planted on each
acre and that at the time of making such proof that there

shall be then growing at least six hundred and seventy-
five living and thrifty trees to each acre, they shall receive
a patent for such tract of land."

In *Cooper* v. *Wilder*, 111 Cal. 191 (43 Pac. 491, 52 Am.
St. Rep. 163), in construing the provision of the foregoing
act, it was held that an entryman who died before making
final proof had no devisable interest in the land, and that
his heirs took the premises as donees of the United States,
and not by inheritance from him. In deciding that case,
Mr. Justice Temple, speaking for the court, says: "Ob-
viously the. privilege or right acquired by the entry and
filing is personal, and cannot be transferred except as
authorized in the act. The death of the applicant before
performance renders him incapable of performance, and
that event would end the claim, but for the provisions of
the act, which authorize the heirs to prove that he or they
has or have performed. Does the heir in such case take
by inheritance from the applicant, or is he, by appoint-
ment in the act itself, a substituted beneficiary of the gov-
ernment to whom the title goes by direct grant? It is
admitted at once that the condition of the applicant prior
to full performance is in nowise analogous to that of a
preëmptor either before or after the preëmptor has re-
ceived his certificate of purchase. The applicant has a
right to the land, of which the government cannot deprive
him, but which will be lost if he fails to perform. And
death before performance renders such failure certain,
and ends the estate of the. applicant. In view, however,
of the hardship of such a result, the law continues its offer
to certain persons whom it is presumed the applicant him-
self might have selected. But they take, not by inherit-
ance from the deceased, but as grantees from the govern-
ment."

The making and filing the required affidavit and paying
the necessary fee entitle the entryman, under the timber

culture act, to the possession of the land, which he holds
by performing the conditions which the law imposes, and
proof of his compliance with its provisions, within the
time and according to the manner prescribed, give him a
right to the issuance of a patent. Section 3 of the act un-
der consideration provides "That if at any time after the
filing of said affidavit, and prior to the issuing of the pat-
ent for said land, the claimant shall fail to comply with
any of the requirements of this act, then and in that event
such land shall be subject to entry under the homestead
laws, or by some other person under the provisions of this
act." The initiatory steps taken to secure a title to public
land, under the timber culture act, do not constitute a
grant *in præsenti* of the premises selected, but are equiva-
lent to impelling the United States constantly to offer to
the entryman a patent for the land, if he will fully com-
ply with all the conditions required. His possession of
the land, and the planting and cultivation of trees thereon,
do not create an equity in his favor, analogous to a con-
tract for the purchase of real property, that is measured
by the value of the consideration partly performed; but
his right is equivalent to a license that protects the im-
provements he may make, and guarantees to him a legal
title to the premises, as a donation, if he will comply with
the requirements which congress has prescribed. If he
fail in this respect, his rights under the timber culture act
are extinguished. His death renders the performance of
the conditions impossible, thereby forfeiting all his rights,
and, as his interest in the land terminates with his life,
there is nothing upon which his devise of the premises
can operate, nor any estate therein which his heirs can
inherit. A generous government, however, desiring to do-
nate the land thus partly improved to those to whom it
would by law descend if the claimant had died intestate
and seised of the premises, has wisely enacted, by its rep-

resentatives in Congress, that, if the entryman die before fully complying with all the requirements specified in the timber culture act, "his or her heirs or legal representatives" may make the required proof, whereupon "they shall receive a patent for such tract of land." The phrase "legal representatives" in its ordinary acceptation means executors and administrators (*Cox* v. *Curwen*, 118 Mass. 198; *Grand Gulf R. Co.* v. *Bryan*, 8 Smedes & M. 234), though it may mean heirs, next of kin, or descendants: *Warnecke* v. *Lembca*, 71 Ill. 91 (12 Am. Rep. 85). To give to these words their ordinary meaning would seem to imply that upon the death of an entryman his executor or administrator, by making the necessary proof, should receive a patent for the land; but as it is altogether improbable that Congress intended that the title should vest in such representative, even in trust, the phrase so used in the act under consideration evidently means an heir, next of kin, or descendant. The homestead act provides that, upon the death of an entryman before fully complying with the conditions imposed, the right to complete the performance and receive a patent goes to his widow, or, in case of her death, to his heirs or devisees: Rev. Stat. U. S. § 2291 (U. S. Comp. St. 1901, p. 1390). Congress having used the word "devisees" in that act, and omitted it from the one under consideration, evidently discloses a purpose to prefer the heirs designated by the laws of a state, to the exclusion of devisees in the timber culture act. This substitution, in our opinion, makes the legal heirs of an entryman who dies before fully performing the conditions of the timber culture act donees of the United States, who take by purchase, and not by descent: *Cutting* v. *Cutting*, (C. C.) 6 Fed. 259.

Our attention has been called to decisions made by the Department of the Interior that would seem to lead to a different conclusion, but, as such decisions are not con-

clusive in the determination of questions of law, we think the better reason supports the opposite view, and therefore such decisions will not be followed.

The plaintiff's counsel cite in support of their theory, the case of *Church* v. *Adams*, 37 Or. 355 (61 Pac. 639), in which it was held that a claimant under the timber culture act, who had made an entry in good faith, was not inhibited from contracting, before final proof, to sell his claim. The decision in that case is based on the theory that the language of the act does not prohibit the making of such an agreement. If he performed the conditions which the law prescribed, and secured a patent for the land selected, a court of equity might enforce specific performance of his contract; but, as his interest in the premises is extinguished by his death before full performance, the government, in effect, re-enters, but thereafter permits his heirs, if they so desire, to initiate a new right independent of their ancestor, thus donating to them his improvements, and also commuting the time by deducting the period in which the entryman was lawfully in possession of the premises. In our opinion, there is nothing in the case relied upon that in any manner contravenes the principle here announced. Believing, as we do, that Eaton had no devisable "interest" in the land, it follows that the decree is reversed and the suit dismissed.

REVERSED.

---

Decided 13 June, 1904.