Walker v. Ehresman.

———————

ELIZA WALKER ET AL., APPELLEES, V. HENRY EHRESMAN ET AL., APPELLANTS.

FILED SEPTEMBER 19, 1907.   No. 14,913.

1. **Public Lands:** DEATH OF ENTRYMAN: RIGHTS OF DEVISEES. Deceased entered certain public land as a timber-culture claim under the laws of the United States, but the patent was not issued until after his death. *Held,* That the legal title to such land remained in the general government, that such entryman had no devisable interest therein, and that the devisees named in his will acquired no title to the premises.

2. ———: ———: PROBATE COURT: JURISDICTION. *Held,* further, that, as the land did not belong to the estate of the deceased and was

not devisable by him, the county court had no jurisdiction to determine the title to the real estate by adjudging that the devisees named in the entryman's will were the owners of the premises to the exclusion of the heirs at law in whose name the patent was issued by the United States.

3. **Equitable Estoppel.** To constitute an equitable estoppel, there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice.

APPEAL from the district court for Buffalo county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. M. Easterling* and *F. A. Nye,* for appellants.

*Muldoon & Shuman,* contra.

EPPERSON, C.

October 3, 1888, John A. McDonald made timber-culture entry under the laws of the United States on certain land in Buffalo county. He departed this life October 6, 1893, leaving a will purporting to devise the tract to his wife for life, remainder to his son. November 13, 1897, said devisees made final proof, and a patent from the general government was issued August 5, 1898, to the "heirs of John A. McDonald," deceased. January 19, 1898, decedent's will was admitted to probate, and the estate was later assigned to the devisees therein named. Defendant Ehresman acquired title from said devisees by mesne conveyances. his action was instituted by certain heirs of John A. McDonald to cancel the decree of the county court admitting the will to probate, and to quiet title. The district court canceled the decree and quieted title as prayed, and the devisees and those claiming under them appeal.

1. The first question for determination is whether John A. McDonald, an entryman under the timber-culture act of the United States, had a devisable interest in the land be-

fore receiving a patent? He filed on the land in 1888, and died in 1893, or three years prior to the date at which proof could have been made. Every person of full age, etc., seized of lands, "or entitled to any interest therein descendable to his heirs," may devise the same by will. Ann. St., sec. 4988. The United States timber-culture statute provides in part: "No final certificate shall be given, or patent issued, for the land so entered until the expiration of eight years from the date of such entry; and if, at the expiration of such time, or at any time within five years thereafter, the person making such entry, or, if he or she be dead, his or her heirs or legal representatives, shall prove by two credible witnesses * * * they shall receive a patent for such tract of land." 20 U. S. St. at Large, ch. 190, p. 114. Was John A. McDonald entitled to an interest in the land "descendable to his heirs"? If not, he possessed no devisable interest, and disposition thereof could not be made by will. In *Kelsay v. Eaton,* 45 Or. 70, 76 Pac. 770, it was held that an entryman before final certificate has no devisable interest in the land, citing to the same effect *Cooper v. Wilder,* 111 Cal. 191, 52 Am. St. Rep. 163, wherein Temple, J., uses the following language: "Obviously the privilege or right acquired by the entry and filing is personal, and cannot be transferred except as authorized in the act. The death of the applicant before performance renders him incapable of performance, and that event would end the claim but for the provisions of the act, which authorize the heirs to prove that he or they has or have performed. Does the heir in such case take by inheritance from the applicant, or is he by appointment in the act itself a substituted beneficiary of the government to whom the title goes by direct grant? It is admitted, at once, that the condition of the applicant prior to full performance is in nowise analogous to that of a pre-emptor either before or after the pre-emptor has received his certificate of purchase. The applicant has a right to the land of which the government cannot deprive him, but which will be lost if he fails to perform. And

death, before performance, renders such failure certain, and ends the estate of the applicant. In view, however, of the hardship of such a result the law continues its offer to certain persons whom it is presumed the applicant himself might have selected. But they take not by inheritance from the deceased, but as grantees from the government." Other cases more or less in point are: *Gould v. Tucker,* 18 S. Dak. 281; *Cutting v. Cutting,* 6 Fed. 259; *Hall v. Russell,* 101 U. S. 503. A similar rule seems to prevail under the homestead law. See *Marley v. Sturkert,* 62 Neb. 163; *Gjerstadengen v. Van Duzen,* 7 N. Dak. 612. *Gould v. Tucker, supra,* was before the court on rehearing (20 N. Dak. 226), and reaffirmed, citing *Aspey v. Barry,* 13 S. Dak. 220; *Towner v. Rodegeb,* 33 Wash. 153, 99 Am. St. Rep. 936. See, further, *Wittenbrock v. Wheadon,* 128 Cal. 150; *Demars v. Hickey,* 13 Wyo. 371; *McCune v. Essig,* 199 U. S. 382. The decisions of the department of interior seem to announce a different rule. (*Bone v. Dickerson's Heirs,* 8 Land Dec. [U. S.] 452), but, under the authority of the adjudged cases, we are of opinion that John A. McDonald had no devisable interest in the real estate involved in this litigation, and that his heirs took the premises as donees of the United States, and not by inheritance. The department of interior seems to have issued the patent to the heirs, and not followed its previous decisions in the case in hand. The court in *Kelsay v. Eaton, supra,* answering a similar objection, said: "Our attention has been called to decisions made by the department of the interior that would seem to lead to a different conclusion, but, as such decisions are not conclusive in the determination of questions of law, we think the better reason supports the opposite view, and therefore such decisions will not be followed."

2. It is argued, however, that, the county court having probated the will, it is conclusive, and not subject to collateral attack, and defendants' title cannot be questioned. It is evident that, if the county court had no jurisdiction to render the decree, its judgment is void and may be as-

sailed in a collateral proceeding. *Johnson v. Parrotte,* 46 Neb. 51. It is not questioned that a county court has jurisdiction to probate a will. "Probate of a will is defined to be: 'The proof before an officer authorized by law that an instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be.' * * * In other words, probate is proving the instrument purporting to be a will to have been signed by the testator in the presence of at least two witnesses, who at his request signed the same as witnesses; and that the testator, at the time of the execution thereof, was of sound mind." *Pettit v. Black,* 13 Neb. 142. The constitution of our state expressly denies county courts jurisdiction "in actions in which title to real estate is sought to be recovered, or may be drawn in question." Const., art. VI, sec. 16. As the land did not belong to the estate of the deceased, it was not devisable by him, as we have determined in the first division of this opinion, and it is apparent that the county court had no jurisdiction to determine the title to the real estate by adjudging that the devisees under the will were the owners of the premises to the exclusion of the heirs at law of the deceased. Such undoubtedly is the effect of the decisions of this court in *Finders v. Bodle,* 58 Neb. 57; *Youngson v. Bond,* 69 Neb. 356. *Gjerstadengen v. Van Duzen, supra,* is a case in point. Corliss, C. J., says: "As the land did not belong to the estate of the deceased, it is obvious that the court was without jurisdiction to order the sale thereof. When the land directed to be sold is the property of a stranger, the probate court possesses no jurisdiction over such property; nor has it any power to try the question of title in such a proceeding, or at all. Should the owner of the land appear in the proceeding, and set up his title, and be defeated, it would nevertheless be true that the court would be without jurisdiction. For the statutes do not contemplate that a probate court shall hear and determine questions relating to the title to land. It has power to act only when the real estate is in fact the

property of the decedent. All that it ever pretends to do in a proceeding of the character of that which is here assailed is to order the sale of whatever interest the decedent may have had in the land at the time of his death. It never assumes to decide whether he was in fact the owner thereof. Nor can it decide such question, even when voluntarily litigated before it. Such a matter is as much beyond the jurisdiction as a suit in equity is beyond the jurisdiction of a justice of the peace; and it is familiar law that consent will not vest in any tribunal power which has been withheld from it. These principles are elementary, and we have recently had occasion to discuss them in a somewhat similar case. See *Arnegaard v. Arnegaard,* 7 N. Dak. 475." See, also, *Stewart v. Lohr,* 1 Wash. 341, Am. St. Rep. 150; *Burns v. Hamilton's Adm'r,* 33 Ala. 210, 70 Am. Dec. 570; *Hamn v. Hutchins,* 19 Tex. Civ. App. 209, 46 S. W. 873.

3. Defendants' third insistence is that plaintiffs, having "stood by and watched the probate proceedings, and having had full knowledge of the transfers and made no objections to the probate of the will," are estopped from now asserting rights or title to the land in question. It does not appear that plaintiffs were apprised of the true state of their title, or that their conduct was intended to deceive, or that defendants were destitute of all convenient or ready means of acquiring knowledge of the true state of the title, or that they relied upon the conduct of the plaintiffs to their detriment. Under the circumstances disclosed, it cannot be said that plaintiffs were estopped from asserting title to the real estate, which was not subject to devise, and which did not belong to the estate at the time of the conduct complained of. The facts all appeared of record, and defendants' mistake was a mistake of law. We are of opinion that the facts relied on lack the essential element of an estoppel. *Gjerstadengen v. Hartzell,* 8 N. Dak. 424; *Gjerstadengen v. Van Duzen, supra; Boggs v. Merced Mining Co.,* 14 Cal. 279; 16 Cyc. 726.

Other assignments of error are argued in the briefs, but are not presented in the record before us.

The judgment of the district court conforms with law, and its affirmance is recommended.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.