LAURA DRAPER ET AL., APPELLEES, V. CHARLES OSTERMAN
ET AL., APPELLANTS.

FILED JULY 9, 1910.   No. 16,106.

Appeal: AFFIRMANCE.  Where, on an investigation of a question of
fact in a suit in equity brought to this court on appeal, our
finding accords with the judgment of the district court, that judg-
ment will be affirmed, without discussing or quoting the evidence.

APPEAL from the district court for Hamilton county:
GEORGE F. CORCORAN, JUDGE.  *Affirmed.*

*John A. Whitmore,* for appellants.

*John J. Sullivan, George W. Ayres* and *John C. Martin,*
contra.

BARNES, J.

Action in the district court for Hamilton county, Ne-
braska, to quiet the title to the undivided two-sixths of
the south half of the northeast quarter of section 30,
township 13, range 5 west of the sixth principal meridian,
situated in that county.  The plaintiffs had judgment,
and the defendants have appealed.

It appears that the plaintiffs' father, Jasper Allen
Foster, obtained title to the quarter section of land, above
described, as a government homestead, and, together
with his family, resided thereon for about 15 years prior
to his death, which occurred on the 24th day of October,
1889.  At that time the land in question was incumbered
by a mortgage for $600 on which there was some interest
due and payable, and certain unpaid taxes for an amount
not disclosed by the record.  The deceased left surviving
him a widow and five children, including the plaintiffs,
who at that time were minors of tender years.  The de-
ceased had no interest in any other real estate except 40
acres of rough, uncultivated land in section 19 of the same
township and range in which his homestead was situated,

which he held under a contract of purchase from the Union Pacific Railroad Company. This land was un-deeded, and nearly one-half of the purchase price, which was $200, was unpaid at the time of his death. The widow undertook to have her homestead set off under the pro-visions of what is commonly known as "Baker's Decedent Law" (laws 1889, ch. 57), which has been declared uncon-stitutional by this court. *Finders v. Bodle,* 58 Neb. 57; *Walker v. Ehresman,* 79 Neb. 775; *Draper v. Clayton,* p. 443, *post; Helming v. Forrester,* p. 438, *post.*

The county court of Hamilton county, assuming to act under, and in accordance with the provisions of the Baker act, assigned to the widow as a homestead the north one-half of the land entered by her deceased husband as a government homestead, and the 40 acres of rough, un-cultivated and undeeded land in section 19. The ap-praised value of the land so assigned as a homestead ap-pears at that time to have been less than $2,000. There-after the south one-half of the government homestead was sold to pay the debts of the deceased, at administrator's sale, and the defendant, Charles Osterman, was the pur-chaser at said sale. On January 8, 1907, which was less than ten years after the plaintiff, Marion Foster, had at-tained his majority, and about three years after his co-plaintiff, Bertha Foster, had attained her majority, they instituted this action to quiet the title of each of them to an undivided one-sixth of the land thus sold at adminis-trator's sale. The findings and decree of the trial court were in their favor, and from a judgment in accordance therewith the defendants have brought the case to this court for review.

Counsel for the defendants commences his argument as follows: "As we view the law of the state of Nebraska, under the statutes and decisions of this court, the only question in this case is this: Was the homestead of Jasper Allen Foster, at the time of his death, worth less or more than $2,000 over and above the incumbrances thereon? If it were less than the said sum, we concede that the

judgment of the district court was right, and should be affirmed." The plaintiffs, at the opening of their argument, also said: "The sole question involved in this controversy at this time is the net value of the Foster homestead at the time of the owner's death in 1889." Accepting these statements as the basis of our inquiry, the only question for our determination is whether the finding of the district court that the value of the homestead of Jasper Allen Foster, at the time of his death, was less than $2,000 responds to the weight of the evidence contained in the bill of exceptions. Without quoting the testimony of the witnesses, it is sufficient to say that after carefully reviewing the record we find that a fair preponderance of the evidence shows that at the date of the administrator's sale the homestead was worth about $2,400, and its net value, after deducting the incumbrances, was a trifle less than $1,800. This fact is established by the testimony of at least four witnesses as against one, all of whom seem to be of equal credibility, and with like opportunities for observation. This accords with the finding of the district judge, who heard and saw the witnesses.

In such a case the judgment of the district court should be affirmed, and it is so ordered.

AFFIRMED.