GUSTAVUS A. LONGNECKER, APPELLANT, v. EDWIN LONGNECKER, APPELLEE.

FILED FEBRUARY 29, 1912. No. 16,618.

1. **Appeal:** DISMISSAL OF ACTION: PLEADING AND PROOF. In a suit aided by attachment proceedings for the recovery of money

loaned or advanced under an alleged oral agreement of repayment, if the plaintiff's undisputed evidence is insufficient to sustain a judgment in his favor, and clearly shows that his action should have been one for an accounting between partners, it is not reversible error for the court to sustain a demurrer to the evidence and dismiss the action.

2. ———: AFFIRMANCE. Where the judgment of the district court is proper upon the undisputed facts shown by the record, it will be affirmed, without considering whether the reasons given by the trial judge for his conclusion were competent and adequate to support the same. *Bowhay v. Richards*, 81 Neb. 764.

3. ———: QUESTIONS REVIEWABLE. On appeal in such a case, this court will not consider errors alleged to have been committed in matters of practice or procedure.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown,* for appellant.

*A. J. Sawyer* and *Joseph Wurzburg, contra.*

BARNES, J.

Action, aided by attachment proceedings, to recover money alleged to have been loaned or advanced by the plaintiff to the defendant to carry on certain partnership mining operations, under an alleged oral agreement that the defendant would reimburse the plaintiff therefor. The defendant had the judgment, and the plaintiff has appealed.

It appears that on the 1st day of April, 1873, in Cumberland county, Pennsylvania, the plaintiff and the defendant, who are brothers, entered into a written agreement by which it was provided, in substance, that the defendant, who was an officer in the United States navy, should provide the plaintiff, a young mining engineer, with the necessary funds for prospecting and opening mines, and that, after the sale of any iron ore or other minerals, the plaintiff, from the time of such sale, should bear an equal proportion of the expense; that plaintiff was to do

53

the leasing, prospecting, developing and practical running of the business, the defendant to be what is known as a silent partner of the firm. It was further provided that all leases, contracts, sales and books of the firm should be kept by and in the name of the plaintiff, and that either partner should have access to the books of the firm at such time as he might feel disposed to examine the same, and that all transactions of the firm should be duly recorded in and after the manner of bookkeeping, as it is generally known in commercial enterprises. No time was fixed for the termination of the partnership. The record discloses that the defendant furnished the money to carry on that part of the business known as the prospecting and opening of mines until about the 1st of September, 1878, and thereafter declined to advance any more money for that purpose, or to further continue the business. The plaintiff alleged in his petition that the defendant, after refusing money to carry on the partnership business, orally agreed that the plaintiff should go forward with the development, equipment and prospecting for new mines with whatever moneys the plaintiff should put in and advance for that purpose, and that the defendant would reimburse the plaintiff therefor within a reasonable time, together with interest thereon; that, pursuant to said contract and understanding, the plaintiff proceeded to lease, develop and equip mining properties, and expended therein on behalf of the defendant large sums of money, relying upon such mutual understanding that the defendant would reimburse the plaintiff for moneys so expended by the plaintiff on his behalf; that from the 12th day of January, 1879, to the 1st day of April, 1906, he expended in said enterprises the sum of $31,400.87; that he was entitled to interest on the sum so invested; and prayed judgment against the defendant for the sum of $29,767.48, together with interest thereon from the 1st day of September, 1907.

For answer to the plaintiff's petition, the defendant entered a plea to the jurisdiction of the court; alleged that

the plaintiff's action was in truth and in fact a suit in equity for an accounting between partners; that no accounting or settlement had ever been had between them; and alleged that the plaintiff's right of action was barred by the statute of limitations, in that it did not accrue to the plaintiff within four years next preceding the commencement of the action. Defendant admitted the making of the written contract; alleged that he had furnished money thereunder to the plaintiff, amounting to $5,300, and upwards; admitted that plaintiff opened some mines in York county, Pennsylvania; alleged that plaintiff took complete charge of the business and had the books and records under his control, and from about the year 1888 refused to give the defendant any information concerning the said partnership business, although often requested so to do, and declared to defendant that he, the defendant, had no interest in such partnership business. Defendant denied the making of the alleged oral agreement, and averred that there was no understanding or agreement of any kind between the parties, except the written partnership agreement set out in the plaintiff's petition. Defendant also alleged that he was informed and believed that plaintiff had sold 140,000 tons of ore and appropriated the proceeds to his own use, and refused to render any account therefor, though often requested so to do; that the defendant had not conversed with or seen the plaintiff since about the year 1890, when the partnership was by both parties considered and treated as abandoned and at an end because of the defendant's exclusion therefrom by the plaintiff; that in 1890 defendant began, in the court of common pleas of Cumberland county, Pennsylvania, a court of competent jurisdiction, and in which state both parties then resided and still reside, a suit in equity against the plaintiff for an accounting of their partnership business; that said suit was still pending and undetermined; and that, though the defendant had entered an appearance therein, he had never filed any answer or submitted any statement or account of the

partnership business; and that said suit is a bar to this action; that in July, 1899, plaintiff, without consulting the defendant, and without his knowledge, entered into a partnership in the same business with one John M. Myers, and prosecuted said business without the consent or knowledge of the defendant, in Hastings county, Ontario, and never gave the defendant any information in relation thereto. The answer also contained other matters which need not be stated in order to dispose of the questions presented by the record. The reply, in substance, was a general denial of the matters alleged in the defendant's answer.

Upon the trial in the district court for Lancaster county the plaintiff testified in his own behalf in relation to the alleged oral contract, as follows: " 'Well,' I says, 'maybe in the matter of equipping this mine, if the panic strikes me next year, I may be in debt, maybe $8,000 or $10,000.' He says, 'I don't think that will occur. You go ahead and equip it,' and he says, 'If it should unfortunately terminate in that manner I will make it good. I will see you don't get stuck,' or words to that effect." On cross-examination plaintiff restated the agreement, in substance, as follows: While there were numerous conversations covering a long period of years, I am safe in saying on that very subject that I raised yesterday, and fixed the date as 1878, that was discussed from the time I discovered the ore at Dillsburg in 1876, how we would go about to proceed to equip and furnish this operation with necessary machinery and mine the ore. He positively assured me that in case of failure, panic or otherwise, he would stand by me and see that the money was returned in case of loss and the creditors paid, as his salary was sufficient; and other items which I might state, and go into details and make it very lengthy, if you want me to; that was about the substance of the conversation. Plaintiff also admitted on cross-examination that in 1878 he mined and sold ore, but insisted that such sales were in small quantities. He also admitted that he had refused to make

any statement to the defendant as to the condition of the partnership affairs, and had also refused to allow him to examine the books, giving as his reasons that the defendant was not entitled to know anything about the business until he reimbursed the plaintiff for the several amounts which he claimed to have advanced to him under the alleged oral agreement. The plaintiff further testified that he abandoned their Dillsburg mine, went to Canada and formed a partnership with one Myers to work certain mines or purchase a large quantity of ore in that country without the knowledge or consent of the defendant; that he put into and lost $5,000 by that venture, and he now seeks to charge the defendant with one-half of that loss. He also stated that he had formed a partnership with one Miller, in which he lost heavily; that he had for many years engaged in farming, and had worked during the time covered by his alleged losses and expenditures for other mining companies and corporations from time to time on a salary; that he had at all times refused to render to the defendant any account of the alleged partnership business; that at one time he had borrowed about $600 of the defendant on a direct promise to repay it, but had never fulfilled his promise. Finally, as a part of the plaintiff's cross-examination, a letter written by him to the defendant was put into the record, which is dated July 30, 1887, in which he stated, among other things, that he had shipped and sold 14 car-loads of iron ore in four days, and in which he also said: "In regard to your money business, I propose to pay you all I owe just as soon as I get it."

At the close of the plaintiff's evidence the defendant demurred to its sufficiency, and also asked leave to amend his plea of the statute of limitations, so as to set forth therein the statutes of the state of Pennsylvania. Leave to make the amendment was granted, over the plaintiff's objections, and the statute of limitations of that state was read and transcribed by the reporter and was copied into the record. The court thereupon sustained the demurrer

to the plaintiff's evidence, and dismissed the action for the following, among other reasons: That plaintiff had failed to show any right to be reimbursed for his alleged advancements to the partnership; that his action should have been one for an accounting between partners, and that the present action was barred by the statute of limitations. In response to a question by plaintiff's counsel, the court stated that the action was dismissed for want of jurisdiction, and, in answer to a question of counsel for defendant, the court also declared that his entry would be just simply for a dismissal, without stating the grounds. The brief of counsel for the plaintiff contains several assignments of error which go to questions of procedure, and which are ably argued at great length, but it may be said if the judgment complained of is right, and is the only one which ought to have been rendered, then the errors complained of need not be considered.

In *Bowhay v. Richards*, 81 Neb. 764, it was said: "Where the judgment of the district court is proper upon the undisputed facts shown by the record, it will be affirmed, without considering whether the reasons given by the trial judge for his conclusion were competent and adequate to support the same."

From a careful reading of the whole record, we are satisfied that the judgment of the district court sustaining the defendant's demurrer to the plaintiff's evidence was correct, and its correctness is not challenged by the plaintiff either upon principle or precedent. It follows that the action was properly dismissed.

For the the foregoing reasons, the judgment of the district court is

AFFIRMED.