John W. Kanaly, appellant, v. Ora Bronson, alias Ora
Kanaly, appellee.

Filed December 4, 1914.   No. 17,874.

1. **Marriage:** Annulment: Evidence. In a statutory proceeding to
   annul a marriage on the ground that "the consent of one of the
   parties was obtained by force or fraud," evidence proving that
   there was "no subsequent voluntary cohabitation of the parties"
   is essential to plaintiff's case. Comp. St. 1911, ch. 25, sec. 2.

2. **Appeal:** Affirmance. A proper judgment under the pleadings and
   the evidence will not be reversed on appeal, merely because the
   trial court did not give the right reason for the decision.

Appeal from the district court for Lancaster county:
P. James Cosgrave, Judge. *Affirmed.*

*A. F. Moore,* for appellant.

Rose, J.

This is a statutory proceeding to annul plaintiff's mar-
riage to defendant on the ground that it was procured by
force or fraud. The ceremony was performed in Sioux
City, Iowa, January 29, 1912, when plaintiff was a resident
of Havelock, Nebraska. Defendant entered her voluntary
appearance in the case, but made no defense, and was not
present in person or represented by counsel at the trial.
Plaintiff testified, among other things, that a minister
from Sioux City accosted him at Havelock in presence of
the city marshal and told him he would have to go back
to Sioux City or go to the penitentiary, and that under
threats of this nature the ceremony was performed. The
trial court declined to grant plaintiff any relief and dis-
missed the proceeding. He has appealed.

The correctness of the decree depends upon the evidence.
In addition to showing that the consent of plaintiff to the
marriage "was obtained by force or fraud," he was re-
quired to prove that there was "no subsequent voluntary
cohabitation of the parties." Comp. St. 1911, ch. 25, sec.

2. The testimony of plaintiff himself shows that he voluntarily returned alone to Havelock after the marriage ceremony had been performed, that defendant came later, and that they cohabitated together there for a few days. In attempting to show by his testimony that he did not cohabit with her within the meaning of the statute, he gave the following reasons for his cohabitation: "It was because I did not know the law at that time, and they said it was the law and I thought I had to," and "I was threatened with being sent to the penitentiary, for not doing as a man should towards supporting her." When or by whom this threat was made is not shown. There was no attempt to repeat any threatening language which coerced him into cohabiting with defendant. He does not intimate that she personally threatened him. The testimony as to the threat on this branch of the case is a conclusion. He was 29 years old and had previously been divorced. Defendant was 22. There is no evidence that he made any protest against cohabiting with her, or cried for help or called upon friends or counsel for advice, or that he did not have time or opportunity to do so. The state is interested in the marriage relation, and courts of equity in administering the law are not obliged to accept testimony of this nature as sufficient proof that admitted cohabitation after marriage was involuntary, within the meaning of the statute authorizing the annulment of marriages. For insufficiency of the evidence in this respect the proceeding was properly dismissed.

The trial court gave a different reason for the decision below; but, since his judgment is free from error, the reason given for rendering it is immaterial on appeal.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.