JOHN E. COOPER ET AL., APPELLEES, V. JOSEPHINE KOSTICK, APPELLANT.

FILED DECEMBER 29, 1924. No. 22943.

1. Contracts. "That a binding contract may result from an offer and acceptance, it is essential that the minds of the parties meet at every point, and that nothing be left open for future arrangement." *Krum v. Chamberlain*, 57 Neb. 220.

2. ———. "To establish an express contract there must be shown what amounts to a definite proposal and an unconditional and absolute acceptance thereof." *Melick v. Kelley*, 53 Neb. 509.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Reversed and dismissed.*

*Halligan, Beatty & Halligan*, for appellant.

*Hoagland & Carr*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY and GOOD, JJ., and SHEPHERD, District Judge.

GOOD, J.

This is an action by a vendor against a vendee for specific performance of an alleged contract for the conveyance of real estate. There was a decree for plaintiffs, and defendant appeals.

The action hinges upon the question as to whether there was a valid contract between plaintiffs and defendant for the conveyance of real estate. John E. Cooper, one of the plaintiffs, was the owner of 400 acres of land in Lincoln county, Nebraska. On the 1st of October, 1920, he signed a written instrument, purporting to authorize Mrs. Myrtle Stewart, a real estate broker, to sell his land. It is very doubtful if this written instrument conferred any authority on Mrs. Stewart, because it was not signed by the broker; nor did it describe the land, as required by section 2456, Comp. St. 1922. However, we need not decide that question at this time. If any authority whatever was given to Mrs. Stewart, it was to sell the land at $40 an acre, on the basis of one-half cash and the balance on time.

On the 10th day of February, 1921, Mrs. Stewart showed the land to the defendant, Mrs. Kostick, and her husband, as prospective purchasers. It appears that Mrs. Kostick would be unable to purchase the land except with the acquiescence and assistance of her husband. Mrs. Kostick was willing to purchase the land at the price of $40 an acre, but was not willing to pay one-half cash. There is some conflict in the testimony as to the terms on which she was willing to purchase, but the weight of the testimony is to the effect that she was willing to purchase by paying $1,000 cash and $3,000 on the 1st of March following, when deed should be executed, and that she would give back a mortgage on the land for the remainder of the purchase price, due March 1, 1926, but with the privilege to her of paying any amount of the purchase price on any interest day. Mrs. Stewart had no authority, in any event,

to enter into a contract embodying these terms, but an alleged contract was prepared on that evening, in the words and figures following:   ·

" This agreement made and entered into this the 10th day of February, 1921 by and between Mr. (Mrs.) M. Stewart as agent for John E. Cooper as party of the first part and Josephine Kostick of Wellfleet as party of the second part, witnesseth:

" Said party of the first part is this day agreeing to sell and the said second party is agreeing to purchase the following described real estate, to wit:   (Here follows description of land.)

" As a consideration price the said parties of the second part agree to pay sixteen thousand and no/100 dollars payable as follows:   one thousand and no/100 dollars cash the receipt of which is hereby acknowledged and the Bal. to be paid per any agreement made with Mr. J. E. Cooper the present owner which said terms the said J. E. Cooper has agreed to make agreeable to the said second parties.

" Both parties have read the above and do agree to stand by the terms and stipulations as set forth above.

" Signed this the 10th day of Febr. 1921, at Maywood, Nebr.

" (Signed)   John E. Cooper, by Mrs. Stewart, Agent, First Party.

" 'osephine Kostick, Second Party.

" Harry Hall, Witness."

This instrument was executed at a bank in Maywood. At the time, Mrs. Kostick executed and delivered, either to Mrs. Stewart or the banker, a check for $1,000, as earnest money in the event that a valid contract was made between the parties.   On the following morning Mrs. Stewart took this instrument to the plaintiff Cooper at North Platte and gave him her version of the terms upon which Mrs. Kostick would purchase the land.   Thereupon, Mr. Cooper had a contract prepared which fixed the terms of payment as follows: $1,000 in cash; that the vendee should assume a mortgage of $2,000; the further payment of

$3,000 on March 1, 1921; a payment of $3,000 on March 1, 1924; and the balance of $7,000 to be paid on March 1, 1926; the two latter payments to be secured by a second mortgage upon the land. Cooper signed this contract and Mrs. Stewart then took it to Mrs. Kostick for her signature. Upon examination, Mrs. Kostick announced that it did not contain the terms on which she was willing to buy, and she refused to sign it and stopped payment on the check. There were some further negotiations between Mrs. Kostick and Mrs. Stewart relative to the terms of the proposed contract, and they were changed so as to provide for the payment of $1,000 on March 1, 1924, and $9,000 on March 1, 1926. There is evidence that Mrs. Kostick was then willing to accede to these terms if her husband would consent, but he was not willing and would not join in signing any contract. On the 1st of the following March the plaintiff tendered a deed and demanded performance by Mrs. Kostick, according to the terms of the proposed contract as altered, and, on Mrs. Kostick's refusal, this action ensued.

Plaintiff argues that the written instrument is sufficient to comply with the statute of frauds, and that, since Mr. Cooper evinced a willingness to execute a contract on terms that were satisfactory to Mrs. Kostick, there was a valid contract enforceable in a court of equity. Defendant, on the other hand, contends that there never was a valid contract and, therefore, nothing which could be enforced. We think a careful analysis will clarify the situation.

The written instrument signed by defendant and Mrs. Stewart was not intended by either party to be the final contract. Mrs. Stewart had no authority to enter into, and bind her principal by, a contract, the terms of which would be satisfactory to the defendant. The instrument, on its face, shows that part of the terms, relative to the time and manner of payment, was to be thereafter submitted to Cooper and approved by the parties before there could be a binding contract. This so-called contract, when signed, did not and could not bind the plaintiff to sell, nor the de-

fendant to purchase, the premises, because some of the material provisions had not yet been agreed upon.

We think it clear that this written instrument can be construed as nothing more than an offer by defendant to purchase the land at an agreed price, when the terms as to payment were made satisfactory to her. When Mrs. Stewart communicated to plaintiff the terms, as she understood them, on which defendant was willing to purchase, he then had another contract prepared which was not in accord with either the terms demanded by the defendant or those communicated by Mrs. Stewart. The proposed contract, which was signed by the plaintiff, in effect rejected the offer of the defendant and was a counter-offer to the defendant to enter into a new contract upon different terms.

This court has held: " That a binding contract may result from an offer and acceptance, it is essential that the minds of the parties meet at every point, and that nothing be left open for future arrangement." *Krum v. Chamberlain*, 57 Neb. 220. " To establish an express contract there must be shown what amounts to a definite proposal and an unconditional and absolute acceptance thereof." *Melick v. Kelley*, 53 Neb. 509; *Roberts v. Cox*, 91 Neb. 553. See also *Frahm v. Metcalf*, 75 Neb. 241. Plaintiff did not unconditionally accept the offer of defendant; nor did defendant unconditionally accept the counter-offer of the plaintiff. There never was a meeting of the minds of both parties as to all of the terms of the contract.

Plaintiff, however, argues that, since Mrs. Kostick later evinced a willingness to sign the prepared contract if Cooper would change the terms, so that she would be required to pay only $1,000 on March 1, 1924, and the balance of $9,000 on March 1, 1926, and, Cooper having consented to make this change, a contract resulted. The record shows that defendant did not make an unconditional offer to sign the new contract as changed, but only that she would be willing to do so if her husband would consent and assist her in making the payments. He did not consent. The condition on which she was willing to sign

never occurred. Her conditional offer to sign the contract never became effective, and it is significant that she never signed it.

Under the facts disclosed, it seems quite clear that there never was a valid contract of sale and purchase between the parties. The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

Note—See Contracts, 13 C. J. secs. 48, 59, 86.