VIOLA BASTIAN, APPELLANT, V. WILLIAM F. WEBER ET AL.,
APPELLEES.

35 N. W. 2d 791

Filed January 28, 1949.   No. 32512.

*Mark J. Ryan* and *Budd B. Bornhoft,* for appellant.

*H. D. Addison,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by Viola Bastian, plaintiff and appellant, against William F. Weber, George Hollman, and Alice Hollman.  Albert P. C. Bastian and Ernest Woehler were made additional parties defendant by answer and cross-petition of the defendant William F. Weber.

William F. Weber is the only defendant who has made an appearance here, and on the issues presented no consideration of any right of the other parties is required. He will be referred to hereinafter as appellee.

The action as instituted was in ejectment. Appellant alleged that she was the owner of the legal title and entitled to the possession of the north half of Lot 14 and all of Lot 15 in Block 4, Original Town of Wayne, Wayne County, Nebraska, but that the defendant, appellee, unlawfully keeps her out of possession thereof. She prayed for judgment accordingly.

To the petition appellee filed an answer in which he denied all allegations of the petition except that he was in possession of the premises. He asserted that he was rightfully in possession.

In addition to his answer the appellee filed an equitable cross-petition. In consequence the action was tried to the court as in equity.

In the cross-petition appellee set out that he and plaintiff were married April 7, 1932, and that on August 4, 1932, the parties as husband and wife went into possession of the real estate in question as their home and they continued to use it as their home until about June 1947 when appellant abandoned the premises to appellee; that he continued to occupy the premises up to the time of the filing of the cross-petition; that during the time in question appellee made permanent improvements on the premises which included remodeling the house and making two apartments out of it, painting, repairing, and placing thereon another building all of the value of approximately $2,000.

It is further set out that on the separation of the parties a division of property was made and that it was agreed that appellee was to have possession of the premises in question as long as he desired and that by reason of the statements, promises, acts, and the agreement made by appellant she is estopped to deny defendant's right to

possession of the said premises and that to deny such right would be a fraud upon him.

It is further set out that some of the rights and interests of appellee in the premises grow out of the marital relationship previously existing between the parties.

He prayed for dismissal of the petition, a determination of his property rights in the premises, and for other equitable relief.

The reply admitted the preexisting marital relationship but otherwise was a general denial of the allegations of the cross-petition.

Following a trial findings were made and decree entered pursuant thereto. The court found that appellant was the owner of the premises by virtue of adverse possession; that a divorce decree entered in favor of appellant and against appellee in the state of Oregon on September 16, 1947, was valid and that by reason thereof no homestead rights attached in favor of appellee to the premises; that appellant was bound by her acts, conduct, and statements and by reason thereof she is estopped to deny appellee's right to occupancy and possession of said premises as long as he desires to reside therein; that appellee's right of occupancy should be decreed and that appellee should be required to pay taxes and special assessments against the premises and keep them in good condition and to keep fire and windstorm insurance thereon in an amount not less than that carried at the time of trial, until the further order of the court, but that he should not be required to pay special assessments contemplated by a foreclosure action entitled City of Wayne v. Rodgers et al.

The decree provided: "IT IS THEREFORE CONSIDERED, ADJUDGED, ORDERED AND DECREED BY THE COURT that the petition of the plaintiff be dismissed at plaintiff's cost and that defendant's right of occupancy and possession of the premises involved, to-wit: * * *, be decreed in said defendant according to the above findings of the court."

It is from these findings and this decree that appellant has taken her appeal.

There is but one assignment of error. It is as follows: "The court erred in holding that the plaintiff was estopped to deny defendant's possession."

Full examination of the record and of the briefs discloses that this assignment presents the only question for determination on this appeal.

The appellee sets forth as the issues tried and decided the following:

1. Has the defendant a homestead right in the premises involved?

2. Was plaintiff's Oregon divorce decree valid?

3. Were the defendant's homestead rights in the premises terminated by the Oregon divorce decree obtained by plaintiff on constructive service?

4. Did the trial court have a legal right to determine the property rights of these divorced parties in the premises involved?

5. Was plaintiff entitled under all the facts to possession of the premises as against the defendant who was in possession?

As to the first and third of these the finding and decree were against the appellee and therefrom he has taken no appeal or cross-appeal and has not in his brief predicated assignment of error thereon. The decree therefore in those respects has become a valid and binding adjudication.

In Meade Plumbing, Heating & Lighting Co. v. Irwin, 77 Neb. 385, 109 N. W. 391, this court said: "It follows, then, that the finding and judgment against Irwin was erroneous, but as we find nothing in the record showing a cross-appeal, and his brief assailing the decree was not filed in due season, he is not entitled to have the decree reviewed." The decision in this case was reversed in a later opinion appearing as 77 Neb. 391, 111 N. W. 636, but this conclusion was not disturbed. In the later opinion it was held that there was a proper cross-appeal noted in

the brief which though filed out of time would be considered sufficient in view of the fact that appellant did not object to service or filing and did not move to have it stricken.

Rule 1d of the Revised Rules of the Supreme Court is as follows: "The filing of an appeal shall vest in an appellee the right to a cross-appeal. The cross-appeal need only be asserted in appellee's brief in the manner provided by Rule 8b 4."

Rule 8b 4 is as follows: "Where the brief of appellee presents a cross-appeal, it shall be set forth in a separate division of the brief. This division shall be headed 'Brief on Cross-Appeal' and shall be prepared in the same manner and under the same rules as the brief of appellant."

Rule 8a 2 (4) is as follows: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned."

The statute which relates to assignments of error and contemplates controlling and implementing rules by this court is the following: "The Supreme Court shall by general rule provide for the filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; but no petition in error or other assignment of errors shall be required beyond or in addition to the foregoing requirement. The Supreme Court, may, however, at its option, consider a plain error not specified in appellant's brief." § 25-1919, R. S. 1943.

The appellee not having complied with these essential requirements of statute and Supreme Court rules, this court cannot with propriety consider the question of

whether or not the court erred in the determination of these two issues.

The appellee in an effort to avoid the force of this conclusion places reliance upon the rule that a correct decision will not be disturbed on appeal because the court gave a wrong or insufficient reason therefor.

That this is a well-recognized and a proper rule to be invoked where applicable there can be no question. See Longnecker v. Longnecker, 90 Neb. 784, 134 N. W. 926, and Kanaly v. Bronson, 97 Neb. 322, 149 N. W. 781.

The concluding paragraph of the opinion in Kanaly v. Bronson, *supra,* is the following: "The trial court gave a different reason for the decision below; but, since his judgment is free from error, the reason given for rendering it is immaterial on appeal." The judgment here in the two respects under consideration must be taken as free from error since from it no appeal was taken. The rule therefore has no application here.

To say that the rule has application here would require us to say that within the meaning of Nebraska statutes the court declared what amounted in law to a homestead right in the appellee notwithstanding the exact opposite declaration of the findings and decree.

All that the findings and decree purport to do is to give a right of possession and use on condition. They declare no right of appellee as an incident of or growing out of the marriage relationship or growing out of occupancy by the parties during the existence of the marriage relationship.

The second of the issues as set forth by appellee, if it may be considered an issue, must receive the same treatment as the first and third since from the findings and decree in relation thereto there is no appeal, cross-appeal, or assignment of error. We think properly, though there was a finding that the divorce decree was valid, it may not be considered an issue since the invalidity of the divorce decree was never directly or indirectly attacked

by any pleading relating to the instant cause of action or cross-action.

As to the fourth denominated issue there is no question requiring determination. The appellant in her reply brief concedes the right of the court to determine the property rights of these parties as divorced persons in the premises involved.

Having held that in the face of the record presented the appellee may not be heard to assert any right to possession of the premises as a homestead, it becomes necessary to ascertain whether or not he has any possessory right on any other basis.

The district court found in him a right of possession and announced a basis for the finding as follows: "The court further finds that the plaintiff is bound by her acts, conduct and statements and by reason thereof, is estopped to deny defendant's right to the occupancy and possession of said premises as long as he desires to reside therein."

A résumé of the facts upon which this finding and decree must stand, if it may be allowed to stand, is the following: The parties were married on April 7, 1932. Title was acquired to the premises in question by appellant on August 4, 1932. The purchase price of $1,000 was paid by Albert P. C. Bastian, father of the appellant. Appellee considered the premises as the separate property of appellant up to the time she left for Oregon. Bastian took a mortgage signed by appellant and appellee but it was never paid. Later it was released and he took another mortgage from appellant alone. This has never been paid. The house was occupied within a short time after its purchase as the homestead of the parties. It has been continuously occupied by appellee from that date forward but in April 1946 appellant left and took up residence in the state of Oregon. On September 16, 1947, appellant procured a divorce from the appellee in the state of Oregon. The evidence preponderantly shows that during the time the parties occu-

pied the premises appellant paid all taxes either directly or through her father. The house was divided into two apartments and a small building placed on the rear of the lot. There is some dispute about the payment of the costs of these improvements and additions and also of repairs and upkeep but the record again preponderantly shows that if any part of it was paid by appellee he has received in rentals for the apartment and the added building much in excess of his expenditures. He received all of the rental income and the appellant none. The parties had separate properties and business operations which they operated separately and independently of each other.

On June 5, 1947, appellant wrote a letter to appellee. The letter contains the following: "The best I do is say you go your way and take everything you have accumulated in the past years and what you own and I will take what I have and each go our own way. I do not want any part of any thing you own. * * * You can live in the house as long as you wish as you have been doing as long as you keep up the taxes and expense of the house. When ever you decide different, then the apt. can be rented. And I will keep the expenses up. Of course I still will keep the house, as Dad bought it for me. The bonds you have bought are yours and I want no part of them. * * * Just let me alone and if there are any papers or anything you want me to sign back to you just send the papers to Mark Weatherford a lawyer here and he will take care of them. I will gladly sign all the bonds to you also the 80 is yours and I will take my name off of it as I never wanted my name on it either. Dad will give you the bonds and any cash you have in the safe. * * * I hope you will get a divorce, if not I will. As it will be best, to settle things."

It was on the facts which we think are fairly reflected in this résumé that the court concluded that the appellant was estopped to assert a right of possession to the premises in question.

We have found nothing therein which would give rise to an estoppel. In American Surety Co. v. Smith, Landeryou & Co., 141 Neb. 719, 4 N. W. 2d 889, by quotation from Walker v. Ehresman, 79 Neb. 775, 113 N. W. 218, it was said: "To constitute an equitable estoppel, there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice."

It cannot be said that there was a false representation or concealment of material facts by the appellant. The appellee had full knowledge of all pertinent facts. There was nothing on which appellee relied or acted to his prejudice.

In his brief appellee does not argue that within the legal meaning of the term there was an estoppel. He suggests that the intendment of the decree was that appellant was precluded as distinguished from estopped from depriving appellee of possession of the premises.

Appellee urges as reasons for this preclusion, first, that appellee has some homestead rights or rights growing out of the marriage relationship, and second, that appellant is bound by the letter offering to allow him to use and occupy the premises.

The first of these as has already been pointed out must be resolved against him. The second must also be resolved against him. The theory could be sustained only if there were an offer by appellant and unconditional acceptance by the appellee.

This court has said: "That a binding contract may result from an offer and acceptance, it is essential that the minds of the parties meet at every point, and that nothing be left open for future arrangement." Krum v. Chamberlain, 57 Neb. 220, 77 N. W. 665; Cooper v.

Kostick, 112 Neb. 816, 201 N. W. 674; Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op. Ins. Co., 147 Neb. 1093, 26 N. W. 2d 122.

Here was a bare offer to allow appellee to use and occupy real estate in which he had no interest after the entry of the Oregon divorce decree. No consideration was exacted as a condition precedent to use and occupation. The offer was never formally accepted. There is no evidence that appellee considered that appellant was bound by the offer until after the divorce when she sought to have him vacate the premises.

On the other hand there is convincing documentary evidence that when and after the offer was made appellee did not consider and treat it as a binding offer with an acceptance by him.

After the letter by appellant of June 5, 1947, appellee wrote appellant four letters. They are not dated but the context shows that they were written later than June 5, 1947. In one, exhibit No. 24, the following appears: "Rec'd notice from sheriff. * * * Now I suppose I well have to move out of the house is that right. If that is it I am going to and fight it, which Addison said I could. If not I well not be near. If you will put down in a statement about me living in the house as you did in your letter I won't said a word. * * * If you still mean it about me living in the house O. K." In exhibit No. 25 the following appears: "And do I have to move out of the house. * * * If I dont here from you Addison say I better sue for the right of the house to live in cause there is a homestead act in Neb, and I have been here over 10 yr. I don't want to, I just want a place to live in, And I well take care of it. like I have. * * * I don't want any of your thing or property, just a place to live."

The excerpts from these letters indicate quite clearly that there was no offer and acceptance by which an agreement came into being entitling appellee to the use and occupancy of the premises in question.

'We conclude therefore that the district court erroneously decreed that appellee was entitled to the use and occupancy of the premises in question, and also that a judgment in ejectment in favor of appellant and against appellee was erroneously denied.

The decree of the district court to the extent that it grants the appellee the right to use and occupancy of the premises is reversed and the cause remanded with directions to enter judgment in ejectment in favor of appellant in conformity with the prayer of her petition.

REVERSED AND REMANDED WITH DIRECTIONS.

PAINE, J., not participating.