[ Argued March 14;  decided April 24, 1894.]

## WHITEAKER *v.* BELT.

[ S. C. 36 Pac. 534.]

1.  EFFECT OF ADMINISTRATOR'S SALE ON WIDOW'S DOWER—CODE, ₴ 1153.—
    A widow's right of dower is unaffected by an administrator's sale of realty for the payment of debts of the deceased, under section 1153, Hill's Code, which authorizes the administrator to sell only "the estate, right, and interest of the testator in the premises at the time of his death," whether the debts be a lien on the land, or only simple contract debts.

2.  ESTOPPEL.— Where the widow has done nothing to lead a purchaser at an administrator's sale to believe that he would acquire a title free from her dower, she is not estopped to claim dower by the fact that the pro-

ceeds were used to pay a mortgage debt under which her dower was about to be sold.

APPEAL from Polk: GEO. H. BURNETT, Judge.

This is a proceeding in the nature of a crossbill by Geo. W. Whiteaker against Jennie Belt to enjoin an action at law commenced by Mrs. Belt against Whiteaker to recover a dower interest in certain real property in Polk County. The facts are that on May eighteenth, eighteen hundred and eighty-five, T. W. Belt, the husband of the defendant, died seized of the property in question, which was at the time subject to a mortgege in favor of John Klosterman, executed by the defendant and her husband to secure the payment of a promissory note of the husband, upon which there was due at the time of his death about eight hundred dollars. After the appointment of an administrator of the estate, Klosterman commenced a suit in the United States circuit court for the district of Oregon to foreclose the mortgage, making the administrator and the defendant parties. In this suit, by stipulation, it was agreed that further proceedings should be suspended until the premises could be sold by order of the county court in the manner provided by law for the sale of the property of an estate for the payment of debts, and, if the proceeds of such sale were applied to the payment of Klosterman's mortgage, the suit should be dismissed. Thereupon the administrator filed his petition for an order of sale in the county court of Polk County, in which he set forth that the property was incumbered by the Klosterman mortgage, and that it would be necessary to sell the same in order to satisfy the mortgage. On the hearing of the petition the court ordered and directed the sale to be made, which was accordingly done, and the land purchased by the plaintiff for the sum of one thousand two hundred and fifty dollars; the ad-

ministrator representing to him at the time, but without the knowledge or authority of the defendant, that such sale would convey a title free from dower. The Klosterman note was subsequently paid, the mortgage satisfied out of the proceeds of the sale, and the foreclosure suit dismissed. The sale being confirmed, the administrator executed and delivered to plaintiff a conveyance of the property. At the circuit court plaintiff's complaint was dismissed, and judgment entered against him for costs, from which he appeals. AFFIRMED.

*Messrs. A. M. Hurley* and *Bonham & Holmes,* for Appellant.

To begin with, we maintain that under our statutes no dower right attaches in the real estate which has been sold to satisfy a mortgage, in which the wife has joined, and this is true regardless of the manner in which the sale was made. The learned circuit judge while recognizing the force of the statutes seemed to be of the opinion that the sale under consideration means only a sale under forclosure proceedings. In this we insist that he was in error; the true test being, was the land sold to satisfy the mortgage? We refer to sections 2958 and 2959. These sections were amended in eighteen hundred and ninety-three. See Session Laws, 195. But the amendment has in no wise affected the rights of the parties in the case now under consideration. When a wife signs away her inchoate right of dower, which she may do by mortgage deed as well as by deed of bargain and sale, she has no right in law or in equity to claim the benefit of dower when the identical property is sold to discharge that obligation. The testimony in this case now in record, shows Mrs. Belt was particularly active in stopping the foreclosure proceedings in the United States court. She went to Portland and inter-

viewed Mr. Klosterman and got him to consent to sell the land, to pay this mortgage, through the instrumentality of the county court. She was constantly advising with her brother-in-law, the administrator, regarding the matter of the sale of the land to pay her mortgage, and thoroughly understood, sanctioned, and acquiesced in what he did. While there was no application to redeem the land from the mortgage, we think there was a substantial compliance with sections 1162 and 1163 of the statutes, which provide the manner of sale of mortgage property by administrators and which also declare the legal effect thereof.

On the point that the sale of the land extinguished the dower interest of the respondent, we cite in the support of the statute above referred to: *Blair* v. *Blair*, 45 Iowa, 42; *Melone* v. *Armstrong*, 79 Ky. 248; *Schwitzer* v. *Wagner*, 22 S. W. 883; *Gowan* v. *Hatcher*, 39 Iowa, 695; *Mock* v. *Watson*, 41 Iowa, 241; Stewart on Husband and Wife, § 279.

On the question of the equitable rights of the parties and the estoppel of Mrs. Belt, which is relied upon in our case, we cite: *Dashler* v. *Berry*, 4 Dallas (Penn.), 300; *Newton* v. *Cook*, 4 Gray, 46; *Bell* v. *Major*, 10 Paige Ch. 50; *Popkin* v. *Bunstead*, 8 Mass. 491, 5 Am. Dec. 113; *McCabe* v. *Bellows*, 7 Gray, 148, 66 Am. Dec. 467; *Hawley* v. *Bradford*, 9 Paige Ch. 200, 37 Am. Dec. 390; *Hitchcock* v. *Harrington*, 6 Johnson, 290, 5 Am. Dec. 229; *Helm* v. *Love*, 41 Ind. 210.

And on the question that the respondent has no right to maintain ejectment for her alleged dower without redeeming or offering to redeem the land from the effect of the mortgage, we cite: Jones on Mortgages, § 674; *Cook* v. *Cooper*, 18 Or. 142, 17 Am. St. Rep. 709; *House* v. *Fowl*, 22 Or. 303; Stewart on Husband and Wife, § 276.

*Messrs. Daly, Sibley & Eakin,* for Respondent.

Opinion by MR. JUSTICE BEAN.

1.  Upon these facts the question arises whether, by the order of the county court directing the sale of the property for the payment of the debts of the estate, and the subsequent proceedings had in that court, and the acts of the defendant, she is estopped or concluded from claiming dower in the premises as against the purchaser at such sale. It was held in *House* v. *Fowle*, 22 Or. 303, 29 Pac. 890, that under the statute of this state a widow's right of dower is unaffected by an administrator's sale by order of the county court for the payment of the debts of the deceased. Such sales are judicial in their character, and, like sales under an execution, the widow's right to dower is unaffected. The administrator is only authorized to sell and convey "the estate, right, and interest of the testator in the premises at the time of his death": Hill's Code, § 1153. And the rule is the same whether the sale is made to pay or discharge a lien upon the premises, or to pay simple contract debts of the estate, unless perhaps it be made on an application for an order of redemption as provided in sections 1161, 1162 1163, a question which is unnecessary for us to consider at this time. The rule of *caveat emptor* applies to an ordinary administrator's sale, and the purchaser is supposed to have examined the record, and know what he is buying, and to purchase with knowledge that the dower is yet an incumbrance on the land, and if he does not do so, it is his own fault, for which he can blame no one but himself. It is clear, therefore, that the defendant is entitled to recover her dower in the premises, unless, by her acts or conduct, she has waived the same, or induced the plaintiff to purchase the premises for the full value thereof, under the belief that he would acquire a title to the same discharged from her right of dower.

2.    The authorities are generally agreed that when a dowress, by her representations or conduct, induces one to purchase an estate under a belief that she waives her dower, or that it is free from the claim of dower, she will be estopped from afterwards setting up her claim, ( 2 Scribner on Dower, § 266; *Ellis* v. *Diddy,* 1 Ind. 561; *Lawrence* v. *Brown,* 5 N. Y. 394,) but, to constitute such an estoppel, it must appear that by her words or conduct she caused the purchaser to believe that by such purchase he would acquire a title discharged from her estate in dower, and he must have acted upon such belief. Where she has done nothing to deceive or mislead the purchaser, her mere silence does not affect her right. Now, in this case, there is nothing whatever in the evidence showing, or tending to show, that the defendant at any time represented to the plaintiff, or any one else, that a title free from her dower would be given to the purchaser at the administrator's sale, or that she authorized or empowered the administrator to make such representation, or that defendant acted upon any representation or conduct of the defendant in making the purchase.    Indeed, the plaintiff himself testifies that he never had any conversation with the defendant about the purchase of the land, or of her interest therein, and, manifestly, she would not be bound by any representations of the administrator made without her knowledge or consent. The only circumstance relied upon as a ground for equitable relief, so far as we can ascertain from the record, is that the stipulation in the Klosterman foreclosure suit was made to enable the administrator to realize the money with which to pay the mortgage by sale of the land under an order of the county court; and from this it is argued that, because the sale of defendant's dower under the mortgage was prevented by such stipulation, it operated as a consent on her part to a sale of it under an

order of the county court to pay off the mortgage. But the evidence shows that this stipulation was not made at her solicitation, or with her knowledge, but by the administrator, on his own motion, for the purpose of saving to the estate the expense of a foreclosure suit, and that she knew nothing about it until after it had been signed. The stipulation was not intended or designed to affect her dower in any way; and, besides, there is nothing in the evidence to show that plaintiff, prior to his purchase, had any knowledge of either the foreclosure suit or of the stipulation. When the plaintiff made the purchase of the land in question he undoubtedly believed that he was acquiring a title free from dower; but it is very clear such belief was not induced by any declaration or conduct of defendant, but was one for which she was in no way responsible. Such being the case, we see no room for the application of the doctrine of estoppel or of equitable subrogation, and it follows that the decree must be affirmed. AFFIRMED.