PAUL H. MARLEY, APPELLANT, V. HENRY STURKERT ET AL.,
APPELLEES.

FILED JUNE 19, 1901.  No. 10,025.

United States Homestead: MORTGAGE BEFORE FINAL PROOF NO LIEN,
WHERE PROOF IS MADE BY HEIRS. A homestead claimant, after
making a homestead entry and occupying public land under the
United States homestead laws, executed a mortgage on the land
thus occupied, and, before full compliance with the law entitling
him to make final proof and obtain title thereto, died. *Held,* As
against his heirs at law who perfected the entry, made the
required final proof of settlement and cultivation and obtained
from the government title to such land, that the mortgage
was ineffectual to create any valid lien thereon.

APPEAL from the district court for Custer county. Heard
below before SULLIVAN, J. *Affirmed.*

*C. L. Gutterson,* for appellant.

*James B. Smith* and *James Leavitt, contra.*

HOLCOMB, J.

To a petition in equity for the foreclosure of an alleged
lien of a mortgage on real estate a demurrer was inter-
posed and sustained. The correctness of the ruling on the
demurrer is challenged.

The sole and only question raised by the demurrer is
the validity of the lien claimed by virtue of the mortgage
on the real estate described therein. The petition dis-

closes that the mortgage was executed by a homestead claimant after entry made under the United States public land laws relating to the acquisition of title to government lands as a homestead of the entryman. It is alleged that the mortgagor was occupying the land under a government homestead entry at the time of the execution of the mortgage; that the mortgage was given to secure a loan for money advanced to make improvements on the land and for necessary living expenses of the claimant while so residing on his homestead; that he died December 16th, 1896, and that his heirs at law, naming them, on February 15, 1897, made final proof on the land as the heirs at law of the deceased entryman, and now claim the land and interest therein as the heirs of the deceased. It is not stated in the petition for what length of time the deceased had resided on and improved the land prior to his death, or other facts from which it could be inferred that at the time of his death he had complied with all the requirements of the homestead act and become entitled thereby to make final proof and receive a final certificate and patent therefor from the United States government. From what is stated in the petition we must conclude that at the time of his death the homestead entryman had not fully complied with all the laws relating to his homestead, and was not, therefore, at that time, entitled to make final proof and receive the evidence of his title thus acquired. By section 2291 of the Revised Statutes of the United States it is provided, among other things, that no certificate or patent shall issue until the expiration of five years from the date of entry, and that if at the expiration of said time, or at any time within two years thereafter, the person making such entry, or, if he be dead, his heirs or devisees, prove by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, he, she or they, if at that time citizens of the United States, shall be entitled to a patent as in other cases provided by law.

Marley v. Sturkert.

It is not here necessary to consider the effect of the mortgage on the land had the mortgagor, in his lifetime, fully complied with the law relating to his entry, made proof thereof and had become invested with the equitable or legal title thereto. At the time of the mortgage he had only an inchoate right thereto. This right was never perfected into either a legal or equitable title. Neither at the time nor afterward did the mortgagor acquire any title in the real estate which he could incumber by the mortgage he executed thereon. By the provisions of the section, a part of which is quoted, title to the land after his death and when residence or cultivation was shown for five years was perfected in his heirs at law. They, upon making proof of the necessary acts in complying with the law governing homestead entries on public lands, did not receive the land from or through their ancestor, the original entryman, but direct from the government, which, upon the issuance of the patent, possessed them with the full and complete legal and equitable title free from any lien sought to be created thereon by the entryman in his lifetime. The mortgage is entirely ineffectual to constitute a lien as against those who under the public land laws had fulfilled the requirements of the law as to the entry of a deceased homestead claimant and obtained a patent to the land included and covered by such entry. *Cheney v. White,* 5 Nebr., 261; *Webster v. Bowman,* 25 Fed. Rep., 889; *Rogers v. Clemmans,* 26 Kan., 522; *Schoolfield v. Houle,* 13 Colo., 394.

The demurrer to the petition was rightly sustained.

AFFIRMED.