Decided 31 July, 1906.

**HAUN v. MARTIN.**

86 Pac. 371.

PUBLIC LANDS—TIMBER CULTURE CLAIMS—DEATH OF ENTRYMAN—INTEREST OF HEIR.

1. Where a timber culture claimant dies before performing the conditions precedent to obtaining title, his heir succeeds to the claim and may obtain a patent therefor in his own name by proof of performance by him and his ancestor of the required conditions, in which case he

takes directly as a donee of the government, and not by inheritance, the ancestor's interest terminating on his death.

ADMINISTRATORS—POWER OF PROBATE COURT TO ORDER MORTGAGE OR SALE OF TIMBER CULTURE CLAIM.

2. After the death of a timber culture claimant before he has performed the conditions necessary to obtain title, a probate court has no jurisdiction whatever over the land claimed, and cannot authorize the administrator of the claimant's estate to exercise any control over it for any purpose, and it is not liable for the debts of the estate.

ESTOPPEL—SUFFICIENCY OF PLEA.

3. In pleading an estoppel the facts relied on must be stated with particularity, nothing being left to inference, and it must further appear that the party pleading the estoppel relied on the facts stated, believing them to be true, and that he will be predjudiced in a stated way if they are disproved.

ELEMENTS OF EQUITABLE ESTOPPEL.

4. To justify the application of the rule estopping the owner of land from disputing the title of a purchaser thereof from another, it must appear that the true owner either encouraged such purchase or by his gross negligence in not declaring his rights induced the purchaser to change his position, in ignorance of the truth and to his damage.

ESTOPPEL—CASE UNDER CONSIDERATION.

5. A timber culture claimant died before performing the conditions precedent to obtaining title from the government. A county court authorized the administrator to mortgage the land to secure money for the purpose of purchasing the same from the government. Afterwards the county court authorized a sale of the property to pay the mortgage and other indebtedness of the estate of the decedent. The heir did not object to the sale, after being cited by publication, and it was not claimed that he ever had any actual notice of the sale or in any way except by silence and absence, induced the purchaser to buy at the administrator's sale. He did, however, refuse to pay the mortgage, and has not offered to redeem from the sale, though not under age. *Held,* that the heir was not estopped from asserting title to the claim as against the purchaser at the administrator's sale.

From Wallowa: ROBERT EAKIN, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

Haun in an action at law brought by Edward J. Martin against him to recover the possession of real property. From the allegations of the bill it appears that the land in controversy was entered by Lucy J. Martin under the timber culture act of the United States, but before complying with the provisions thereof, so as to entitle her to a patent, Mrs. Martin died without property, leaving as her heirs the defendant and his two sisters. One of the sisters was subsequently appointed administratrix of Mrs. Martin's estate, and as such commuted the timber culture entry, and purchased the land from the United States,

(48th Or.—20)

paying $400 therefor. As the estate was without money and the heirs were unable or refused to furnish the means or make such purchase, the administratrix, upon her application and the order of the county court, borrowed $400 for that purpose, and mortgaged the land to secure the payment thereof. After-wards, the administratrix removed from the State, and another was appointed in her place, who secured an order of the county court, authorizing the sale of the property to pay the mortgage and the other indebtedness of the estate, citation being issued and served on the heirs by publication. The property was subsequently sold to the plaintiff by the administrator under the order referred to for $525. The sale was duly confirmed and an administrator's deed made and delivered to him. It is charged in the complaint that the defendant refused and neglected to pay the mortgage given by the administratrix to secure funds with which to commute the timber culture entry, but consented and acquiesced in the proceedings of the administrator in reference thereto and at no time has he offered to redeem from the sale or tendered to the plaintiff any part of the purchase money or offered to pay the same. For these reasons it is averred that the defendant is now estopped from claiming title to the land in question as against plaintiff. A demurrer to the cross-bill because it did not state a cause of suit was sustained and the cross complainant appeals. The case was submitted on briefs, under the proviso of Rule 16: 35 Or. 587, 601.                                          AFFIRMED.

For appellant there was a brief over the names of *James A. Burleigh* and *Charles H Finn.*

For respondent there was a brief over the name of *Ramsey & Oliver.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. Upon the death of a timber culture claimant, before performance by him of the conditions precedent to obtaining title from the government, his heirs succeed to the claim, and may obtain a patent therefor in their own name by proof of full performance by them and their ancestor of the required con-

ditions, but in such case they take directly as donees of the government, and not by inheritance: *Kelsay* v. *Eaton,* 45 Or. 70 (76 Pac. 770, 106 Am. St. Rep. 662) ; *Warner Valley Stock Co.* v. *Morrow,* 48 Or. 258 (86 Pac. 369). When, therefore, Mrs. Martin died, her interest in her timber culture claim absolutely terminated and was at an end, and her rights passed by direct grant to her heirs as substituted beneficiaries of the government. She had, at the time of her death, no interest which could be devised or which would descend or pass to her heirs or personal representatives.

2. The proceedings of the county court in assuming jurisdiction over the claim and authorizing its sale were therefore absolutely void for want of jurisdiction of the subject-matter. The claim at that time belonged to the heirs in their own right, and such proceedings could have no more force and effect than if the county court had assumed to order the sale by the administrator of any other property belonging to them. The plaintiff clearly cannot successfully maintain title to the property based upon the proceedings of the county court.

3. It is argued, however, that the defendant is estopped by his conduct from asserting title to the property as against the plaintiff. The only averments in the cross-bill upon which such a contention can be based are that the defendant was served with citation in the county court by publication and that he refused to pay the mortgage given by the administratrix to secure funds with which to commute the timber culture entry but consented and acquiesced in the proceedings of the administrator in reference thereto. This under the law is not a sufficient plea of an estoppel. Where an estoppel is relied upon, the facts constituting it must be pleaded with particularity and precision, and it must be alleged that the party setting up the estoppel relied upon such facts believing them to be true, and will be prejudiced by allowing them to be disproved. Nothing can be supplied by inference or intendment: 8 Enc. Pl. & Pr. 10.

4. Where the owner of land which is offered for sale stands by, and with knowledge of his title, encourages the sale, or does

not forbid it, and thus another person, in ignorance of the true title, is induced to make the purchase under the supposition that the title offered is good, he is bound by the sale, and neither he nor his privies will be allowed to dispute the purchaser's title: 1 Story, Equity (13 ed.), 185. But to justify the application of this principle it is indispensable that the party sought to be estopped should by his conduct or gross negligence encourage or influence the purchase, and that the other party, being at the time ignorant of the actual title, should have been misled by his acts and conduct and induced thereby to change his position: *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833); *Whiteaker* v. *Belt,* 25 Or. 490 (36 Pac. 534); *Odlin* v. *Gove,* 41 N. H. 465 (77 Am. Dec. 773); *Junction Railroad Co.* v. *Harpold,* 19 Ind. 347.

5. Now, there is no allegation in the bill that the defendant was present at the administrator's sale, or that he had actual knowledge thereof. Nor is it averred that he induced or encouraged it, or that plaintiff, in making the purchase, relied upon or was influenced in any way by the acts or conduct of the defendant, or that he was at the time ignorant of the true state of the title, and without such allegations the bill is fatally defective. The averment that the citation to show cause why the land should not be disposed of at administrator's sale was served upon the defendant by publication is no averment that he had actual notice of the proceedings in the probate court. Such a service could not have legally been made unless he was a nonresident of the State, and as the defendant made no objection to the sale it may be, for aught that appears, that he was wholly ignorant of the matter. The citation as issued and served was a mere constructive notice, and could not of itself estop the defendant from asserting title to the property since the proceedings in the county court were void for want of jurisdiction of the subject-matter. We are of the opinion that the cross-bill does not state facts sufficient to entitle the plaintiff to relief in equity, and that the demurrer was properly sustained. Let the decree be affirmed.          AFFIRMED.