## JOHN MARTYN v. JOURGEN OLSON.

(L.R.A.1915B, 681, 148 N. W. 834.)

**Government land — issuance of patent — compliance with law by entryman — no complete title until — estate — heirs.**

1. Until the issuance of a final patent, or until the doing of all things by the entryman upon government land which are prerequisite thereto, such entryman has no complete title in the land, either legal or equitable, nor has his estate after his decease.

**Heirs of deceased entryman — take directly from the government — by donation or purchase — not by inheritance.**

2. Though the heirs of a deceased entryman who homestead or commute land under the provisions of U. S. Rev. Stat. §§ 2291, 2301, have preferred rights as new entrymen or homesteaders, and in making proof are allowed to credit the improvements and period of residence of their ancestor, such heirs take directly from the government by donation or purchase, rather than by inheritance.

---

Note.—The general question of the validity of a mortgage upon public lands executed by a claimant under the homestead acts, prior to patent or final proof, is the subject of a note in 6 L.R.A.(N.S.) 934.

**Mortgage executed by entryman — dies before final proof or commutation — before compliance with homestead laws — not a lien upon the real estate — not assumed by heirs.**

   3. A mortgage which has been executed by a deceased entryman who died before making final or commutation proof, or before he has done the things prerequisite and necessary thereto, is not a lien on such real estate, and is not assumed by his heirs who enter upon and take said land under the provisions of U. S. Rev. Stat. §§ 2291, 2301.

Opinion filed September 12, 1914.

Appeal from the District Court of Ward County, *Leighton,* J.
Action to quiet title.   Judgment for defendant.   Plaintiff appeals.
Reversed.

Statement by BRUCE, J.

This is an action to quiet title.   In December, 1904, one Robert J. Martyn, a single man, made homestead entry, under the government land laws of the United States, upon the land described in the complaint, and under such entry, lived upon, occupied, and made the same his home for about thirty-eight months continuously thereafter, when he died intestate, unmarried, without issue, and without having made or attempted to make final proof upon said land, or to otherwise secure title thereto, and without having secured any such title.   About a year prior to his death, being indebted to the respondent, Jourgen Olson, the said Robert J. Martyn executed and delivered to said respondent his promissory note for the amount of his indebtedness, and as security for the same also executed and delivered to respondent a mortgage upon the land in question and upon another quarter section of land, which latter piece of land, however, was already encumbered.   No part of this indebtedness had been paid at the time of the death of the said Robert J. Martyn, and the mortgage securing the same has ever since remained of record unsatisfied.   There is no showing that the money was used in improving the land.   It is admitted, however, that it was used to defray the expenses of the homesteader while living upon it.   Shortly after the death of the said Martyn, the said Olson, under a power of sale, in the usual form, contained in said mortgage, caused his mortgage to be foreclosed by a sale of the land covered thereby, himself became the

purchaser, and a sheriff's certificate of said mortgage sale was duly issued to him, which he caused to be recorded and which now appears of record. On April 24, 1908, that is to say, two months after the death of the said Robert J. Martyn, and without any further residence on or cultivation of the land than that furnished by the deceased, the heirs of said Martyn took the proceedings required by the homestead laws of the United States to commute said homestead entry and procure patent to said land to be issued to them. They paid the government purchase price, together with all fees, made the required proof, and a patent was subsequently issued to the appellant, John Martyn, as the sole non-alien heir of the said Robert J. Martyn, as was duly established and decree by a former decree of the district court of the eighth judicial district, Ward county, North Dakota. The appellant then instituted this action to have the record of the said mortgage and certificate of sale canceled as clouds on this title, and to have the title to said land quieted in him as against the respondent. The district court having decided adversely to him, he has now appealed to this court and has asked for a trial *de novo*.

*Gray & Myers,* and *Myers & Myers,* for appellant.

The lien of a mortgage can only attach to some legal or equitable title or ownership, vested in the mortgagor at the time. Such title must be tangible,—"capable of being transferred." Rev. Codes 1905, §§ 6154, 6155 and 6163.

This is not only statutory, but it is in harmony with the general law. 27 Cyc. 1034a, 1035b, 1138–2, 1139d.

Where the heirs of a deceased homestead entryman who has not made final proof and obtained patent or made full compliance with the homestead laws, make such proof and receive patent, they acquire complete title as by original purchase or as donees from the government, and *not* through inheritance from deceased entryman. No "privity of estate" exists between them and the entryman. Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Gould v. Tucker, 20 S. D. 226, 105 N. W. 624; Aspey v. Barry, 13 S. D. 220, 83 N. W. 91; Haun v. Martin, 48 Or. 304, 86 Pac. 371; Kelsay v. Eaton, 45 Or. 70, 106 Am. St. Rep. 662, 76 Pac. 770; Wittenbrock v. Wheadon, 128 Cal. 150, 79 Am. St. Rep. 32, 60 Pac. 664; Council

Improv. Co. v. Draper, 16 Idaho, 541, 102 Pac. 7; Powell v. Powell, 22 Idaho, 531, 126 Pac. 1058; Towner v. Rodegeb, 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50; Braum v. Mathieson, 139 Iowa, 409, 116 N. W. 789; Hall v. Russell, 101 U. S. 503, 25 L. ed. 829; Demars v. Hickey, 13 Wyo. 371, 80 Pac. 521, 81 Pac. 705; Walker v. Ehresman, 79 Neb. 775, 113 N. W. 218; McCune v. Essig, 199 U. S. 382, 50 L. ed. 237, 26 Sup. Ct. Rep. 78; Hayes v. Carroll, 74 Minn. 134, 76 N. W. 1017; Doran v. Kennedy, 122 Minn. 1, 141 N. W. 85; Marley v. Sturkert, 62 Neb. 163, 89 Am. St. Rep. 749, 86 N. W. 1057.

The term "privity" denotes mutual or successive relationship to the same right of property. 6 Words & Phrases, 5606; Boughton v. Harder, 46 App. Div. 352, 61 N. Y. Supp. 574; Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Patton v. Pitts, 80 Ala. 373.

It is immaterial that the entryman could have committed, or was in a position to rightfully commute his homestead entry, and obtain title. The fact still remains that he did do so, or attempt to do so. Circular No. 10, General Land Office and U. S. Laws; U. S. Rev. Stat. § 2291, U. S. Comp. Stat. 1901, p. 1390, 6 Fed. Stat. Anno. p. 292; 39 Cyc. p. 1239 (b).

The full title to government lands remains in the government until patent issues, or, in commutation cases, until the full compliance with the requirements of the law and the payment of the purchase price. Kneen v. Halin, 6 Idaho, 621, 59 Pac. 14; Wittenbrock v. Wheadon, 128 Cal. 150, 79 Am. St. Rep. 32, 60 Pac. 664; Hussman v. Durham, 165 U. S. 144, 41 L. ed. 664, 17 Sup. Ct. Rep. 253.

Such land so held is no part of the estate of the entryman, and does not descend as such. It is disposed of by act of Congress, and the patentee takes his title, not by descent from the ancestor, but by purchase from the government. Doran v. Kennedy, 122 Minn. 1, 141 N. W. 851.

There being no "privity of estate" between the patent holder and such deceased entryman, neither the doctrine of estoppel nor that of "relation back" will subordinate the rights of the patent holder to those of a mortgagee under a mortgage made by the entryman before final proof or patent. 16 Cyc. "Who Are Privies," p. 716 (c); "Heirs and Devisees," p. 718 (III.); Gibson v. Chouteau, 13 Wall. 92, 20 L. ed. 534; Hussman v. Durham, 165 U. S. 144, 41 L. ed. 664, 17 Sup. Ct. Rep. 253.

Such a mortgage is not enforceable against the heirs of the deceased

entryman, who receive their patent from the government. Marley v. Sturkert, 62 Neb. 163, 89 Am. St. Rep. 749, 86 N. W. 1057.

*Coyle & Herigstad,* for respondent.

Heirs at law take land subject to preliminary mortgages placed thereon by the homestead entryman. Title, after acquired by patent to the homesteader, inures to the mortgagee as of date of execution and delivery of mortgage. N. D. Rev. Codes 1905, § 6155; Circular No. 10 of the Department of Interio., § 32; U. S. Rev. Stat. § 2448, U. S. Comp. Stat. 1901, p. 1512; Meinhold v. Walters, 102 Wis. 389, 72 Am. St. Rep. 888, 78 N. W. 574; U. S. Rev. Stat. § 2296, U. S. Comp. Stat. 1901, p. 1398; Marley v. Sturkert, 62 Neb. 163, 89 Am. St. Rep. 749, 86 N. W. 1056; Gould v. Tucker, 20 S. D. 226, 105 N. W. 624.

A mortgage executed by a homesteader after he had done all he was required to do under the law, although patent has not issued, is valid and enforceable. Cheney v. White, 5 Neb. 261, 25 Am. Rep. 487; Nycum v. McAllister, 33 Iowa, 374; Lewis v. Wetherell, 36 Minn. 386, 1 Am. St. Rep. 674, 31 N. W. 356; Fuller v. Hunt, 48 Iowa, 163; Lang v. Morey, 40 Minn. 396, 12 Am. St. Rep. 748, 42 N. W. 88; Skinner v. Reynick, 10 Neb. 323, 35 Am. Rep. 479, 6 N. W. 369; Meinhold v. Walters, 102 Wis. 389, 72 Am. St. Rep. 888, 78 N. W. 574; Ford v. Ford, 24 S. D. 644, 124 N. W. 1111.

A homesteader whose good faith is otherwise apparent may mortgage his homestead claim before final certificate, to procure money with which to work and improve his claim. Mudgett v. Dubuque & S. C. R. Co. 8 Land Dec. 243; U. S. Rev. Stat. § 2262; Kezar v. Horde, 27 Land Dec. 148.

This is an equitable action for the purpose of having title to real estate quieted in plaintiff, and to remove the mortgage from such land as a cloud upon such title. Therefore, he who seeks equity must do equity. Tracy v. Wheeler & Scott, 15 N. D. 249, 6 L.R.A.(N.S.) 516, 107 N. W. 68; Cotton v. Horton, 22 N. D. 1, 132 N. W. 225.

BRUCE, J. (after stating the facts as above). Although the courts at first doubted the validity of a mortgage which was made before the issuance of the patent, and this even as against the original homesteader, they later, and in a number of recent decisions, have asserted the doctrine of what may be termed the inchoate right to legal title in

28 N. D.—21.

the entryman, and have upheld such mortgages as promises to mortgage and inchoate liens which become vested and enforceable when the patent is once issued to the entryman. See Adam v. McClintock, 21 N. D. 483, 131 N. W. 394, and cases cited. They have, on the other hand, held that until the issuance of such final patent, or at any rate, until the doing of all things by the entryman which are prerequisite thereto the entryman has no complete title in the land, either legal or equitable, nor has his estate after his decease. Whatever right he had under his homestead entry they have held is terminated at his death and the title to the land reverts to the government and does not pass to his heirs or to his estate after his decease. These heirs, under U. S. Rev. Stat. §§ 2291, 2301, U. S. Comp. Stat. 1901, pp. 1390, 1406, 6 Fed. Stat. Anno. pp. 292, 317; section 32, Circular No. 10, of the Department of the Interior, have preferred rights as new entrymen or homesteaders and in making proof and in commuting are allowed to credit the period of residence of their ancestor. They are looked upon, however, as new entrymen who have no privity with their ancestor and who take directly from the government by donation or purchase rather than by inheritance. Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Gjerstadengen v. Hartzell, 9 N. D. 268, 81 Am. St. Rep. 575, 83 N. W. 230; Gould v. Tucker, 20 S. D. 226, 105 N. W. 624; Aspey v. Barry, 13 S. D. 220, 83 N. W. 91; Hall v. Russell, 101 U. S. 503, 25 L. ed. 829; McCune v. Essig, 199 N. Y. 382, 50 L. ed. 237, 26 Sup. Ct. Rep. 78; Council Improv. Co. v. Draper, 16 Idaho, 541, 102 Pac. 7; Haun v. Martin, 48 Or. 304, 86 Pac. 371; Marley v. Sturkert, 62 Neb. 163, 89 Am. St. Rep. 749, 86 N. W. 1056.

Such being the case, there was no estate in the deceased Robert J. Martyn to which the inchoate mortgage to the respondent ever attached. The deceased had no complete legal or equitable title before his death, and his heirs took not as his heirs, but as donees or purchasers of the land, which, upon the death of their ancestor, had reverted to the general government, free and clear of all liens and encumbrances. Counsel for respondent seeks, we know, to base an equitable if not a legal title in Robert J. Martyn, the deceased, upon the fact that before his death he had lived upon the land for a sufficient length of time to enable him to commute his proof if he had so desired, and that his heirs afterwards relied upon this fact and commuted their proof upon

the strength of their ancestor's residence, and without further work or residence on their part. The fact remains, however, that the ancestor did not commute or at any time pay to the government the sum of money necessary therefor, nor is there any evidence that he intended so to do. It may be, as counsel for respondent suggests, that in certain cases equitable as well as legal titles are recognized, and that equitable titles have been held to exist in cases where the entryman has done everything necessary to his final proof but has not actually received his patent. See Adam v. McClintock, supra.

Unfortunately no such state of facts is before us. The payment of the amount provided by the statute is as necessary to commutation as is the residence upon the land which is required by the statute, and at no time did the deceased pay this amount, nor have we any evidence that he ever intended to do so, nor in fact that he had any intention of commuting at all. Such being the case, there was no complete title in the said Robert J. Martyn, deceased, either legal or equitable, to which the mortgage could or did attach. See Wittenbrock v. Wheadon, 128 Cal. 150, 79 Am. St. Rep. 32, 60 Pac. 664; Hussman v. Durham, 165 U. S. 144, 41 L. ed. 664, 17 Sup. Ct. Rep. 253; Marley v. Sturkert, 62 Neb. 163, 89 Am. St. Rep. 749, 86 N. W. 1056; Stark v. Fallis, 26 Okla. 357, 109 Pac. 66. We may personally be of the opinion that in cases where an heir obtains title by relying upon the residence and labor of his ancestor, it would be an equitable and wise rule to make him liable to the payment of mortgages such as that before us. It is not for us, however, to establish the public policy of the national Congress or of the national courts. All that we can do is to announce the law as we believe it to have been announced by that Congress and by those courts.

Nor is there any merit in the argument of counsel for respondent that this is an equitable action, and that under the maxim that he who seeks equity must do equity, the plaintiff and appellant should be required to pay the mortgage before he is entitled to the relief prayed for. We are aware of the decisions in the cases of Tracy v. Wheeler & Scott, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68, and Cotton v. Horton, 22 N. D. 1, 132 N. W. 225. All that these cases decide, however, was that a court of equity will not cancel a real estate mortgage securing a just debt which concededly has not been paid, at the suit of the mortgagor, or one standing in his shoes, when the only ground

urged for such relief is that the statute of limitations is available as a defense against its foreclosure. The distinction between the case at bar and the cases cited is that in the case at bar there was no privity of estate between the plaintiff and his ancestor, nor had the mortgage ever attached to the land. The plaintiff owed no debt, nor had he any legal obligations to anyone. He did not claim under his ancestor, nor was he in privity with him. "The doctrine of relation," says the Supreme Court of the United States in Gibson v. Chouteau, 13 Wal. 92, 20 L. ed. 534, "is a fiction of law adopted by the courts solely for the purposes of justice, and is only applied for the security and protection of persons who stand in some privity with the party that . . . acquired the equitable claim or right to the title" of the land. (See also Hussman v. Durham, 165 U. S. 144, 41 L. ed. 664, 17 Sup. Ct. Rep. 253; 16 Cyc. 1716.)

The judgment of the District Court is reversed, and the trial court is directed to enter a decree canceling the said mortgage and the records thereof as clouds on the title of the appellant, and quieting his title as against the respondent. The defendant and respondent will pay the costs and disbursements of this appeal.