E. L. GUNBERG, Plaintiff and Appellant, v. GJERTRU JUVE-LAND, Ole A. Severson, Minnie McCrosky, Caroline Roy, Mandius Pederson, Selma Pederson, and Samuel Pederson, Defendants and Respondents. ADAMS COUNTY, North Dakota, a Municipal Corporation, Intervener.

(179 N. W. 375.)

**Public lands — patent to heirs of deceased homestead entryman is issued to them as original parties.**

1. The heirs of a deceased homestead entryman who dies before making final proof take under, and as direct beneficiaries of, § 2291, U. S. Rev. Stat. In such case patent is issued to them as original parties who are preferred by the Federal statute after the rights of the original homesteader have been destroyed by death; they being allowed the benefit of his residence and improvements upon the land.

**Public lands — mortgage and seed lien not enforceable against heirs receiving patent.**

2. A mortgage and seed-lien agreement which have been executed by a deceased entryman, who dies before making final proof, are not liens upon such

---

NOTE.—On validity of mortgage upon public lands executed by claimant under the homestead acts prior to patent or final proof, see notes in 6 L.R.A.(N.S.) 934, and L.R.A.1915B, 681.

real estate, and are not assumed by or enforceable against the heirs who receive patent for and take said land under the provisions of § 2291, U. S. Rev. Stat.

Opinion filed September 25, 1920.

From a judgment of the District Court of Adams County, *Crawford*, J., plaintiff appeals.

Affirmed.

*Henry Moen* and *F. M. Jackson*, for appellant.

The heirs, the defendants in this action, did not take this land as a gift from the government, but by inheritance and subject to the encumbrances placed thereon. Stark v. Starrs, 6 Wall. 402; Barney v. Dolph, 97 U. S. 652; Simmons v. Wagner, 101 U. S. 260; Cornelius v. Kessel, 128 U. S. 456; Wisconsin R. Co. v. Price Co. 133 U. S. 496.

*E. C. Wilson*, for respondents.

Heirs become entitled, under the statute, to a patent, not because they had succeeded to her equitable interest, but because the law gave them preference as new homesteaders, allowing to them the benefit of the residence of their ancestor. Gjerstadgen v. Van Duzen, 7 N. D. 612; Haynes v. Carroll, 74 Minn. 134, 76 N. W. 1017; Marley v. Sturkert (Neb.) 86 N. W. 1056.

Whatever rights survive the death of the homesteader belong to the heirs, and not to the estate of the deceased. The heirs do not succeed to such rights by inheritance, but by virtue of the law, which grants to them preference rights. Gould v. Tucker (S. D.) 100 N. W. 427; Adams v. McClintock, 21 N. D. 483; Stoll v. Gottbreht (N. D.) 176 N. W. 932; Hayes v. Wyatt, 19 Idaho, 544, 115 Pac. 13.

There was no privity of estate between the plaintiff (the heir) and his ancestor, nor had the mortgage ever attached to the land. The plaintiff owed no debt, or had he any legal obligations to pay anyone. He did not claim under his ancestor, nor was he in privity with him. Martyn v. Olson, 28 N. D. 317; Bernier v. Bernier, 147 U. S. 242; Hall v. Russell, 101 U. S. 503; McCune v. Ensig, 199 U. S. 503; Council Imp. Co. v. Draper (Idaho) 102 Pac. 7; Haun v. Martin (Or.) 86 Pac. 371; Whittenbrock v. Wheadon (Cal.) 60 Pac. 664;

Hussman v. Durham, 165 U. S. 144; Stark v. Fallis (Okla.) 109 Pac. 66; Chapman v. Price (Kan.) 4 Pac. 807.

*P. B. Garberg,* for intervener.

CHRISTIANSON, Ch. J.   On September 25, 1906, one Nels O. Nelson made a homestead entry upon the land in controversy.   On April 19, 1912, he signed and filed in the local land office a notice of intention to make final proof before Jacob Sonderall, a United States Commissioner, at Hettinger, North Dakota.   On May 27, 1912, the said Nels O. Nelson died intestate, leaving surviving him as his heirs at law the said above-named defendants.

On June 18, 1912, the defendant Ole A. Severson (a half-brother of the deceased entryman) and two of the witnesses named in the notice of intention to make final proof submitted their testimony in support of said final proof.   The final proof was submitted to the local land office, and, after certain proceedings which are not material in this controversy, the Commissioner of the General Land Office directed that the proof be accepted, and receipt and patent issued generally to the heirs of Nels O. Nelson, deceased.   On June 26, 1914, patent was issued in accordance with such direction.

The plaintiff is the owner and holder of a certain note secured by a so-called preliminary mortgage upon the land in controversy.   The note and mortgage were executed by the said Nels O. Nelson on the 14th day of December, 1911.   Plaintiff brought this action to foreclose his mortgage.   Adams county intervened and asserted that it had a prior lien upon the premises by virtue of a certain agreement dated April 17, 1912, under which it furnished certain seed grain to said Nels O. Nelson.   The defendants challenged the validity of both the mortgage and the seed-grain lien, and asserted that they were the owners of the land, free and clear of both of said alleged liens.   The trial court sustained the contentions of the defendants, and rendered judgment accordingly.   Plaintiff has appealed from the judgment and demanded a trial anew in this court.

Whether title to land which has been the property of the United States has passed is a question which must be resolved by the laws of the United States.   Wilcox v. Jackson, 13 Pet. 517, 10 L. ed. 276; Mc-

Cune v. Essig, 199 U. S. 382, 390, 50 L. ed. 237, 241, 26 Sup. Ct. Rep. 78.

Chapter 5, title 32, of the Revised Statutes of the United States, provides who may enter public lands as a homestead, and the conditions to be observed as to entry and settlement, and the procurement of title to the lands entered. By § 2291, Rev. Stat. (Comp. Stat. § 4532, 8 Fed. Stat. Anno. 2d ed. 557), it is provided that, if a person who has made a homestead entry dies *before* making final proof, such proof may be made by his widow, or, in case of her death, by his heirs or devisees. In such case the right to the patent accrues first to the widow, or in case there is none, then to the heirs and devisees.

Section 2448, Rev. Stat. (Comp. Stat. § 5098, 8 Fed. Stat. Anno. 2d ed. p. 856), provides:

"Where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died or who hereafter dies, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assignees of such deceased patentee as if the patent had issued to the deceased person during life."

These statutory provisions have been construed and their purpose and effect announced many times by different state and Federal courts. In Bernier v. Bernier, 147 U. S. 242, 37 L. ed. 152, 13 Sup. Ct. Rep. 244, it was said that the object of § 2291, supra, was "to provide the method of completing the homestead claim and obtaining a patent therefor, and not to establish a line of descent, or rules of distribution of the deceased entryman's estate."

In Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233, this court, in speaking of the status of a homestead in a case where the entrywoman died before making final proof, said:—

"The land did not belong to the estate of Olia Mikkelson, deceased. She filed upon it as a homestead in her lifetime; but she died before the patent was issued and even before her right to demand a patent had accrued. The law gave her no such interest in the land as could be transmitted by her to her heirs. Upon her death, all her rights in the land and her homestead entry ceased, and her heirs became entitled, under the statute, to a patent, not because they had succeeded to her equitable interest, but because the law gave them preference as new

homesteaders, allowing to them the benefit of the residence of their ancestor upon the land."

"It is apparent, from the statute (U. S. Rev. Stat. § 2291), that Congress did not intend to vest in a homesteader an interest which could be inherited under the laws of the state where the real estate might be situated, the same as other real estate, but to withhold from him such interest, and specifically designate the persons who, on his death, should be entitled to secure the right which the original entry-men would have obtained had he survived."

In Martyn v. Olson, 28 N. D. 317, L.R.A.1915B, 681, 148 N. W. 734, this court held that a mortgage made by an entryman who dies before making final proof or before he has done the things requisite thereto is not a lien on the land covered by such homestead entry, and is not assumed by the heirs of the deceased entryman who take the land and receive patent therefor under the provisions of the Federal statute.

The appellant concedes the soundness of that decision but he contends that it is not applicable, for the asserted reason that in the case cited the entryman had not resided upon or cultivated the land for a sufficient length of time to make final proof.

It does appear, however, from the statement of facts in Martyn v. Olson, supra, that about two months after the death of the entryman, the heirs caused final proof to be made "without any further residence on or cultivation of the land than that furnished by the deceased." 28 N. D. 319.

The only distinction, therefore, between the case at bar and Martyn v. Olson is that in the case at bar the entryman had caused notice to be given of the time and place he would submit his final proof testimony, whereas no such notice was given in Martyn v. Olson.

It will be noted that the Federal statutes require not only cultivation and residence, but also proof of this fact in the manner provided by the statute. An entryman who has both resided upon and cultivated the land, in strict compliance with the statute, may nevertheless forfeit his right to a patent, if he fails to consummate the entry by the submission of final proof in the manner provided by law.

As has already been noted, the Federal statute prescribes not only the rights of the entryman, but also the rights of those who may receive the land in case he dies before completing the entry. As was said by

the United States Supreme Court in McCune v. Essig, 199 U. S. 382, 387, 50 L. ed. 237, 240, 26 Sup. Ct. Rep. 78:

"They (U. S. Rev. Stat. §§ 2291, 2292) say who shall enter, and what he shall do to complete title to the right thus acquired. He may reside upon and cultivate the land, and by doing so is entitled to a patent. If he dies, his widow is given the right of residence and cultivation, and shall be entitled to a patent, as in other cases. He can make no devolution of the land against her. The statute which gives him a right gives her a right. She is as much a beneficiary of the statute as he. The words of the statute are clear, and express who in turn shall be its beneficiaries.

In Doran v. Kennedy, 122 Minn. 1, 141 N. W. 851, the supreme court of Minnesota had occasion to consider when land entered under the homestead laws of the United States becomes a part of the entryman's estate, and subject to disposition as such. In that case the entryman made final proof and full payment to the government on April 10, 1906. He died on September 8, 1906, before final receipt or patent had been issued.

The Minnesota supreme court said:

"The Homestead Act (U. S. Rev. Stat. 2291, Comp. Stat. § 4532, 8 Fed. Stat. Anno. 2d ed. 557), provides that, if the person making homestead entry dies *before* making final proof, such proof may be made by his widow, or, in case of her death, by his heirs or devisees. In such case the right to the patent accrues first to the widow, or, if none, then to the heirs or devisees. The land is no part of the estate of the entryman, and does not descend as such. It is disposed of in accordance with the act of Congress, and the patentee takes his title, not by descent from the ancestor, but by purchase from the United States government.

"But *after* final proof the rule is different. It is a general rule that 'a person who complies with all the requisites necessary to entitle him to a patent . . . is to be regarded as the equitable owner' of the land. . . . In case of Re Cogswell, 3 Land Dec. 23, it is said: 'It is a fact generally known that . . . such title, for the purposes of private and judicial sale, taxation, inheritance of real estate, and all other kindred objects, is treated by the courts, the local legislatures, and individuals, in the same manner as if a patent had issued.' "

The Minnesota court concluded in that case that the homestead en-

tryman, at the time of his death, was the equitable owner of the land, and that it descended according to the laws of the state of .Minnesota, and was a part of his estate to be administered.

The case was brought before the Supreme Court of the United States by a writ of error, and the decision of the Minnesota supreme court was affirmed. Doran v. Kennedy, 237 U. S. 362, 59 L. ed. 996, 35 Sup. Ct. Rep. 615. In doing so, the Federal Supreme Court followed in main the reasoning adopted by the Minnesota supreme court.

In considering the effect of the Federal statutes, the Federal Supreme Court said:

"The last section (Rev. Stat. § 2291) provides when a certificate shall be given or patent shall issue and to whom upon certain contingencies. It shall not be issued until the expiration of five years after entry, and may be at any time within two years thereafter, to 'the person making such entry.' If, however, he be dead, then to his widow, or, in case of her death, to his heirs or devisee, upon proving the necessary settlement and qualification for the time prescribed.

"This section, it is contended, made the heirs of Norton (there being no widow), the direct beneficiaries of the statute,—that is, the plaintiff and her grantors. In other words, they took directly under the statute, not from Norton; and such, it is further contended, is the effect of the decisions of this court, citing McCune v. Essig, 199 U. S. 382, 50 L. ed. 237, 26 Sup. Ct. Rep. 78, and other authorities.

"But it will be observed *the cited section provides for cases where the homesteader dies before final proof,* other sections applying when such proof has been made and nothing is yet to be performed to entitle to a patent.

"By § 2448 (Comp. Stat. § 5098, 8 Fed. Stat. Anno. 2d ed. p. 856), it is provided that 'where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died, or who hereafter dies, before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assignees of such deceased patentee as if the patent had issued to the deceased person during life.'

"Such are the circumstances in the present case. Norton had made his final proof before his death, and had become entitled to the patent. Plaintiff and her grantors, therefore, could only receive the land as his heirs, and not directly under § 2291, and as its beneficiaries.

Upon such proof Norton certainly became the equitable owner of the land. Indeed, it practically became his absolute property, subject to his disposition by assignment or by will, or to the disposition of the law . . . and subject, therefore, upon his death, to the probate jurisdiction of the state."

This language and reasoning are appropos in this case. Nels O. Nelson had not completed his entry. If he had desired to do so he could have abandoned the land and refrained from making final proof. At the time he died, the land was not subject to taxation under the laws of the state, and it was not subject to sale by him. By applying the Federal statutes and the decisions interpretative thereof we reach the conclusion that Nels O. Nelson never became the owner of the land in controversy. His rights remained those of an entryman occupying a tract of land under the Federal homestead laws. The final proof made after his death inured to the benefit of the persons named in the statute. Patent was issued to them in accordance with the statute and the practice of the Land Department prescribed in such cases. The patentees received their title direct from the government as new homesteaders, and that title was not subject either to the mortgage held by the plaintiff or to the seed lien claimed by the intervener.

Judgment affirmed.